[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Whether defendant Friedrich Air Conditioning Company's CT Page 1289 motion to strike should be granted because defendant Resco, Inc.'s, cross-claim fails to state a claim upon which relief may be granted.
Resco, Inc. has not alleged sufficient facts to support a cross claim for contribution and the motion to strike the cross-claim as to Friedrich Air Conditioning Company should be granted.
Plaintiff Bruce F. Malinowski initially brought this products liability action against defendants Friedrich Air Conditioning Company, [Friedrich] and Resco, Inc. [Resco]. In his complaint Malinowski alleges that on or about November 13, 1987 he was using an oil-fired hot air furnace when it suddenly and without warning began to emit smoke and soot causing damage to his residence and furnishings.
In count one and two, Malinowski alleges that Friedrich Air Conditioning Company and Resco, Inc. respectively are the designer, manufacturer and/or distributor of the oil-fired hot air furnace and are responsible to the plaintiff pursuant to the Connecticut Products Liability Statutes 52-572 et seq. Subsequently, on December 18, 1989 the court granted defendant Friedrich's Motion to Implead Arco Products Corporation [Arco].
On April 19, 1990 defendant Resco filed an answer and 1, special defenses to the complaint. Additionally, in the same pleading Resco filed a cross-claim against co-defendant Friedrich Air Conditioning Company and third-party defendant Arco Comfort Products Corp. for contribution pursuant to Conn. Gen. Stat. 52-572o. Friedrich Air Conditioning Company now moves to strike the co-defendant's cross-claim on the basis that it fails to state a claim upon which relief may be granted.
"The purpose of a motion to strike is to `contest. . . . .the legal sufficiency of the allegations of any [cross claim]. . . .to state a claim upon which relief can be granted.'" Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
"In ruling on a motion to strike, the court is limited to the facts alleged in the [cross claim]". Gordon,208 Conn. at 170. The court "must take the facts to be those alleged in the [cross claim] . . . and must construe the [cross claim] in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36 (1987). "[I]f facts provable CT Page 1290 under the allegation would support . . . a cause of action, the motion to strike must fail." Alarm Aplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Friedrich moves to strike Resco's cross-claim against Friedrich on the ground that Conn. Gen. Stat. 52-572o does not Provide for a cause of action for contribution before a finding of liability has entered.
The Products Liability Act has abrogated the common law rules of indemnification and contribution in the context of product liability suits where all the defendants are parties to the original action. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,698-702 (1988). (emphasis added) The Products Liability Act has replaced the common law rules of indemnification and contribution with a system of comparative responsibility. Id. at 697. It is found that because Resco and Friedrich are original co-defendants named in plaintiff's original complaint, any right to contribution from Friedrich to Resco must exist pursuant to Conn. Gen. Stat. 52-575o(e). This statute provides for contribution,
 If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action or contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.
Conn. Gen. Stat. 52-572o(e) (rev'd to 1989).
Resco's Cross claim alleges the following:
 The defendant Resco, Inc., while denying liability to the plaintiff, demands contribution from the defendant Friedrich Air Conditioning Company and the third-party defendant Arco Comfort Products Corp. I in this action pursuant to Connecticut General Statutes 52-572o for their proportionate share of any judgment that may enter in this case.
Resco has not alleged facts as to whether a judgment has been rendered in the instant action or that Resco has CT Page 1291 discharged the common liability by payment to the plaintiff. Resco has not alleged facts that any agreement has been made to discharge the common liability or that Resco has paid the liability. Instead, Resco has denied liability. Consequently, Resco has not sufficiently pleaded a claim for contribution pursuant to Conn. Gen. Stat. 52-572o (e). Accordingly, the motion to strike the cross-claim for contribution as to co-defendant Friedrich should be granted.
In addition, it is found that Resco misreads Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989). Malerba, permitted a contribution claim and an indemnification claim between a defendant-third party plaintiff and a third-party defendant. The instant action involves Co-defendants that were initially named by the plaintiffs. Malerba, does not control the instant case because the factual circumstances and procedural postures are different. "[T]he preconditions of 52-572o (e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third-party. . . ." Id. at 195. In the instant action Resco is attempting to short circuit the Products Liability Act by cross-claiming against co-defendant Friedrich, Resco is attempting to pursue an independent cause of action for contribution. Friedrich is presently a co-defendant and therefore Resco cannot implead Friedrich for contribution. Accordingly, the preconditions of52-572o (e) do apply. For this additional reason, the motion to strike the cross-claim for contribution as to co-defendant Friedrich is granted.
HICKEY, J.