[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Estelle M. and Kenneth J. Hall brought a products liability action against defendants Sarstedt, Inc. [Sarstedt] and Miles Laboratories, Inc. [Miles] based upon an alleged incident that occurred on or about February 17, 1987. Plaintiff, Estelle M. Hall, claim's to have been injured after a failed laboratory experiment involving the use of a Sarstedt test tube.
The original complaint contained three counts each against Sarstedt and Miles. The first count against Sarstedt is pursuant to Connecticut's Product Liability Act, Conn. Gen. Stat. 52-572m et seq. The second count against Sarstedt alleges recklessness against Sarstedt. The third count has been withdrawn against Sarstedt. The fourth count which is against co-defendant Miles alleges that Miles negligently failed to preserve warnings or other product information CT Page 2074 during the shipment of the test tubes from Sarstedt to Estelle M. Hall's employer. The fifth count against co-defendant Miles is pursuant to the Product Liability Act, Conn. Gen. Stat.52-572m et seq. due to the test tube's failure. The sixth count alleges recklessness on the part of Miles.
On May 1, 1989 defendant; Miles filed an answer and special defense to the complaint. Additionally, in the same pleading, Miles filed a two count cross-claim against co-defendant Sarstedt. The first count seeks contribution from co-defendant Sarstedt. The second count seeks indemnification from co-defendant Sarstedt under the doctrine of active/passive negligence. Sarstedt now moves to strike co-defendant Miles' entire cross-claim on the ground that it fails to state a claim upon which relief can be granted and is legally insufficient as a matter of law.
"The legislature clearly intended to make our Products Liability Act an exclusive remedy for claims falling within its scope." See Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471
(1989).
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . cross-claim, . . . to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1989). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
"In ruling on a motion to strike, the court is limited to the facts alleged in the [cross-claim]." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court "must take the facts to be those alleged in the [cross-claim] . . . and must construe the [cross-claim] in the manner most favorable to the pleader." Blancato v. Feldspar Corp., 203 Conn. 34, 36
(1987). "[I]f facts provable under the allegations would support . . . a cause of action, the motion to strike must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980). "[A] motion [to strike] . . . directed to the entire [crossclaim] . . . must, . . . fail if any of the . . . claims are legally sufficient." Doyle v. A P Realty Corp., 36 Conn. Sup. 126, 127 (1980).
Sarstedt argues that co-defendant Miles' cross-claims for contribution and indemnification fail to state claims upon which relief can be granted. CT Page 2075
The Conn. Products Liability Act has abrogated the common law rules of indemnification and contribution in the context of product liability suits where all the defendants are parties to the original action. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,697-702 (1988). (emphasis added) The Products Liability Act has replaced the common law rules of indemnification and contribution with a system of comparative responsibility. Id. at 701. Because Sarstedt and Miles are original co-defendants named in plaintiff's original; complaint, any right to contribution from Sarstedt to Miles must exist pursuant to Conn. Gen. Stat. 52-572o(e). This statute provides for contribution:
 If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.
Conn. Gen. Stat. 52-572o(e) (rev'd to 1989). Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989), permitted a contribution claim and an indemnification claim between a defendant — third-party plaintiff and a third-party defendant. The instant action involves co-defendants that were initially named by the plaintiffs. Malerba, does not control the instant case because the factual circumstances and procedural postures are different. "[T]he preconditions of 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party. . . ." Id. at 195.
Impleader is a process by which a party brings in another new party to the lawsuit who has not previously been a party. Sarstedt is presently a co-defendant and therefore Miles cannot implead Sarstedt for contribution or indemnification under provisions of Section 52-102a, the impleader statute, because that statute grants authority only to implead "a person not a party to the action." By cross-claiming against co-defendant Sarstedt, Miles is attempting to pursue an independent action for contribution for what is clearly a product liability claim against it. This means that the preconditions of Section CT Page 207652-572o(e) apply. Clearly, the pleadings show that this case had not gone to judgment, so Miles could neither plead nor prove the existence of a judgment in the case to satisfy that alternative prong of Section 52-572o(e). Miles could only satisfy the remaining — prong by pleading that it has agreed while this action was pending to discharge the common liability, and paid the liability but its complaint has not pled that such an agreement was made and paid.
Malerba makes it plain that it was attempting to harmonize the apparent inconsistency between Section 52-570(e) of the product liability statute and two impleader statutes, Sections 52-102a and 52-577a(b) neither of which apply here. Malerba therefore, does not excuse Miles from the statutory preconditions to bringing an action against Sarstedt.
The Motion to Strike is granted.
FLYNN, J. CT Page 2077
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2078
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2079
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2080
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2081
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2082
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2083