[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CROSS CLAIM
On June 12, 1991 the plaintiffs, Joel Pondelik and Kathy Duncan filed a revised complaint in which they allege that their property was damaged as a result of a fire which took place at The Carriage Shop building in Bantam, Connecticut. In 1986, Mr. Pondelik, d/b/a Headlines Styling Salon, leased a portion of The Carriage Shop Building to the defendant, The Heritage Restaurant and Pizza House, Inc. ("Restaurant"), whereby the Restaurant took possession of said portion of the building. The plaintiffs allege that the Restaurant caused liquid propane gas lines to be installed in its kitchen, and that on June 12, 1989 as a result of a crack in one of the liquid propane gas lines, gas escaping from the line ignited causing a fire in the kitchen area of the Restaurant and, consequently, causing extensive damage to the premises of the plaintiff. The revised complaint also named as defendants Patterson Oil Company ("Patterson"), CT Page 4434 Frank E. Wargo, d/b/a Fire Control Service Company, Inc. ("Wargo"), and Fire Control Service Company, Inc. ("FCSC"), alleging, inter alia, that each defendant was negligent in that they failed to service and maintain the propane gas lines and fire suppressant system at the Restaurant.
On December 23, 1991, Patterson filed a cross-claim, count two of which is directed against Wargo and alleges that Wargo was in the business of installing and servicing fire suppressant systems. Patterson further alleges that on April 21, 1987, the Restaurant and Wargo entered into an agreement wherein Wargo was to furnish, install and maintain a fire suppressant system for the Restaurant. On that same date Wargo purported to install such a system in the kitchen area of the Restaurant, and said installation required Wargo to alter and otherwise tamper with the liquid gas propane lines as installed by Patterson. Patterson contends that this alteration of the gas lines created an independent and special legal relationship between Wargo and Patterson. As was noted, supra, on June 12, 1989, extensive damage was allegedly caused, due to a fire to Mr. Pondelik's premises. Patterson claims that if the alleged damage to the plaintiff's property was caused by said fire, as the plaintiffs contend, that said damage was proximately caused by the active negligence and carelessness of Wargo. Patterson further alleges, inter alia, that Wargo installed and was otherwise in control of the fire suppressant system to the exclusion of Patterson and that Patterson did not know, nor did it have reason to know, of Wargo's negligence. Furthermore, Patterson maintains that it reasonably relied on Wargo to have installed the protection system in a workmanlike manner and in such fashion as to fulfill its purpose. Consequently, Patterson seeks, inter alia, indemnification for any judgment that may be rendered against Patterson in favor of the plaintiff.
On February 7, 1992, Wargo and FCSC filed a motion to strike Patterson's cross-claim on the ground that such failed to state a legally recognizable claim for indemnification. On March 2, 1992, this court denied that motion because, pursuant to Blancato v. Feldspar Corp.,203 Conn. 34, 36 n. 3, 522 A.2d 1235 (1987), it was fatally defective. Consequently, on March 16, 1992, Wargo and FCSC filed an amended motion to strike Patterson's cross-claim. On April 3, 1992, Patterson filed a memorandum in opposition to the motion to strike. CT Page 4435
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth.,208 Conn. 16, 170, 544 A.2d 1185 (1988).
In their memorandum in support of their motion to strike, Wargo and FCSC maintain that Patterson's amended cross-claim fails to state a legally sufficient claim for indemnification because it has not sufficiently pleaded the existence of an independent legal relationship between Wargo and Patterson pursuant to Atkinson v. Berloni,23 Conn. App. 325, 580 A.2d 84 (1990). Wargo and FCSC claim that Patterson's allegations on this issue amount to nothing more than a legal conclusion unsupported by factual allegations and, therefore, the motion to strike should be granted.
Patterson, in its memorandum in opposition to the motion to strike claims that because Wargo's February 6, 1992, motion to strike was denied, Wargo must now file an answer to the complaint pursuant to Practice Book Section 112, which lists the proper order of pleadings. Patterson also maintains that there is no need to demonstrate an independent legal relationship to maintain an action for indemnification, because the Appellate Court's decision in Atkinson, supra, is erroneous. Finally, Patterson maintains that, if this court does find that Atkinson applies, Patterson has properly alleged the existence of an independent legal relationship between itself and Wargo d/b/a FCSC and, therefore, the motion to strike should be denied.
The decision of this court denying the motion to strike because of its failure to comply with Blancato, supra, was entered without prejudice. Therefore, Wargo was entitled to file a proper motion to strike, and this court will not consider that motion on its merits.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Krytatas v. Stop Shop, Inc., 205 Conn. 694, 701,535 A.2d 357 (1988). A party "is entitled to indemnification, in the absence of a contract to indemnify, only upon providing that the party against whom indemnification is sought either dishonored a contractual CT Page 4436 provision or engaged in some tortious conduct. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 411, 207 A.2d 732
(1965) (Emphasis added). An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Id. at 412. Indemnification is permitted in tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287 (1989) (citing Kaplan, supra at 415). If a claim for reimbursement:
 [I]s grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. . . .Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74, 579 A.2d 26 (1990) quoting Krytatas, supra at 698.
The Appellate Court, in Atkinson, supra, recently added a fifth element to an active/passive claim. This additional element is that, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id. at 327.
As was noted supra, in its objection to the motion to strike, Patterson contends that Atkinson, supra is not binding on this court because that decision is both erroneous and in conflict with Kaplan, supra, a decision of the Connecticut Supreme Court. However, Atkinson is "merely an interpretation of the Supreme Court['s] decision [in Kaplan] and not in direct conflict with it. Moreover, it is axiomatic that a decision by the Appellate Court is binding upon the Superior Court until [that decision is] overruled. Accordingly, Atkinson is binding upon this court." Bascetta v. Droney, 5 CTLR 419, 420 (January 27, CT Page 4437 1992, Schaller, J.)
In the present matter Patterson has alleged the four "Kaplan" elements of indemnification. Indeed, Wargo and FCSC do not challenge this. Wargo's and FCSC's only contention in their motion to strike is that Patterson has failed to allege an independent legal relationship pursuant to Atkinson. Wargo and FCSC maintain that, while Patterson states that there exists an independent legal relationship, such a statement is merely a legal conclusion and therefore, the cross-claim should be stricken.
A motion to strike does not admit legal conclusions, Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980), and such a motion should be granted where a complaint alleges legal conclusions unsupported by facts. Mora v. Aetna Life 
Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390
(1988) (emphasis added).
As was stated, supra, Patterson has alleged that on April 21, 1987, the Restaurant, Pizza House, Inc., and Wargo d/b/a FCSC entered into an agreement wherein Wargo was to furnish install and maintain a fire suppressant system for the Restaurant. On April 21, 1987, Wargo, purported to install such a system in the kitchen area of the Restaurant, and said installation required Wargo to alter and otherwise tamper with the liquid gas propane lines as installed by the Patterson Oil Company. Patterson contend, that this alteration of the gas lines created an independent and special legal relationship between Frank Wargo and the Patterson Oil Company.
Patterson has alleged the existence of an independent legal relationship pursuant to Atkinson, supra, and has supported said claim with facts alleged in the complaint. See e.g., Mora, supra. These allegations, render this cross-claim legally sufficient, and, therefore, the motion to strike is denied.
PICKETT, J.