[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE CROSSCLAIM (#116)
This is an environmental liability action brought by the present owner of a gasoline service station against two prior successive lessees of the property. The plaintiff seeks reimbursement of remediation costs arising from the alleged discharge of petroleum products by the defendants.
Defendant Migeon Motors, Inc. operated a gasoline service station on the property from approximately October 3, 1980 to December 27, 1984. Defendant Patterson Oil, Inc. operated a gasoline service station on the same property from approximately December 27, 1984 until June of 1991. The plaintiff claims that each defendant is liable for permitting the release of petroleum products into the environment from underground storage tanks located upon the property. Migeon Motors, Inc. filed an amended cross claim against Patterson Oil, Inc. seeking indemnification for whatever damages it might become liable for to the plaintiff. CT Page 10060
Our Appellate Court in Atkinson v. Berloni, 23 Conn. App. 325
(1990), has held that in order to maintain an action for indemnification, there must exist an independent legal relationship between the parties. Migeon Motors, Inc. in its cross complaint has failed to allege any special or legal relationship between the parties. Moreover, Patterson Oil, Inc. is a named party in this action, and any damages awarded to the plaintiff will be apportioned in accordance with applicable statutes.
Since the cross claim fails to allege any special or legal relationship between the parties, the motion to strike the amended cross-claim is granted. See Pondelik v. Heritage Restaurant's, Et Al.
(1992 Ct. Sup. Ct) 7 CSCR 719.
PICKETT, J.