JAMES G. MALERBA *v.* CESSNA AIRCRAFT COMPANY
(13492)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

---

Argued November 9, 1988—decision released February 21, 1989

*Steven E. Arnold,* with whom, on the brief, was *Constance L. Epstein,* for the appellant (defendant-third party plaintiff Cessna Aircraft Company).

*F. Timothy McNamara,* for the appellee (plaintiff).

*James H. Rotondo,* with whom was *John S. Haverstock,* for the appellee (third party defendant Edward A. Schuler).

COVELLO, J. The plaintiff, James G. Malerba, brought an action against the defendant, Cessna Aircraft Company (Cessna), seeking damages for personal injuries sustained in an airplane accident. The complaint contained three counts, each alleging a separate theory of recovery: (1) negligence; (2) strict product liability; and (3) breach of warranty. Cessna filed a motion for permission to serve a third party complaint pursuant to Practice Book § 117.[1] The trial court, *Nash, J.,* granted

---

[1] Practice Book § 117 provides in relevant part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve

the motion. The third party complaint was in four counts and was directed against the aircraft's owner, Edward A. Schuler, and the aircraft's mechanic, Peter Lindblom. Counts one and two sought recovery from Schuler based upon common law principles of: (1) indemnification (first count); and (2) contribution (second count). Counts three and four sought recovery from Lindblom, again based upon common law principles of: (1) indemnification (third count); and (2) contribution (fourth count).

Malerba filed a motion to strike the third party complaint in its entirety claiming "it seeks contribution [in a way] . . . not recognized under Connecticut law." Schuler, a third party defendant, also filed a motion to strike addressed to the second count (the contribution claim) of the third party complaint "because its claim for contribution . . . fails to state a claim for which relief can be granted."[2] The trial court, *Stanley, J.*, thereafter granted both motions and ordered the third party complaint stricken in its entirety. The trial court concluded: (1) common law principles of indemnification had been "abrogated by virtue of our Product Liability Act"; General Statutes §§ 52-240a, 52-240b, 52-572m through 52-572r and 52-577a; and (2) the third party complaint failed to allege either of the preconditions for the initiation of a contribution action apparently required by General Statutes § 52-572o (e).[3] Following the entry of

a . . . complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

[2] Cessna did not elect to challenge the motion's apparent failure to comply with Practice Book § 154. Section 154 provides in relevant part: "Each motion to strike . . . shall separately set forth each such claim of insufficiency and shall *distinctly specify the reason or reasons for each such claimed insufficiency.*" (Emphasis added.)

[3] General Statutes § 52-572o (e) provides in relevant part: "[T]he person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations

judgment in favor of the third party defendant Schuler,[4] Cessna appealed. We find error and remand for further proceedings.

As a threshold consideration, Cessna argues that Malerba, the original plaintiff, lacked standing to challenge the third party complaint. It argues that since Malerba could not be injured or prejudiced by Cessna's claim against the third party defendants, Malerba lacked standing to challenge the legal sufficiency of Cessna's third party complaint. We disagree.

"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . ." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492, 400 A.2d 726 (1978). "[Standing is] ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer . . . ." *Maloney* v. *Pac,* 183 Conn. 313, 321, 439 A.2d 349 (1981).

The question then is whether the third party complaint and the parties it draws into the action create a risk of a direct injury to the original plaintiff. Injury in this context includes procedural injury to the cause of action. Practice Book § 117 provides that the third party complaint "shall be equivalent . . . to an original . . . complaint, and [the third party defendant] *shall have available to him all remedies available to an original defendant* . . . . The third-party defendant *may also assert against the plaintiff* any defenses which

---

. . . and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution."

[4] Practice Book § 157 provides in relevant part: "[W]here an entire complaint . . . has been stricken, and the party whose pleading has been so stricken fails to file a new pleading . . . the court may . . . enter judgment against said party on said stricken complaint. . . ."

the third-party plaintiff has to the plaintiff's claim and may assert any claim *against the plaintiff* arising out of the . . . occurrence which is the subject matter of the plaintiff's claim against the third-party plaintiff." (Emphasis added.) See *Gino's Pizza of East Hartford, Inc.* v. *Kaplan,* 193 Conn. 135, 141–43, 475 A.2d 305 (1984). It is apparent that Practice Book § 117 thus arms a third party defendant with the full panoply of procedural options available to address not only the claim of the third party plaintiff but also the claim of the original plaintiff against the original defendant. The addition of two defendants with perhaps greater insights as to both the factual and legal ramifications of the original cause of action creates at least a colorable claim of a likelihood of injury to the plaintiff's cause of action. This being the case, we conclude that the plaintiff had standing to challenge the sufficiency of the third party complaint.

Cessna next claims that the trial court erred in concluding that actions for a contribution within the context of a product liability claim,[5] must meet the provisions of General Statutes § 52-572o (e) as a precondition to the initiation of the contribution action, i.e., the entry of a judgment against the joint tortfeasors and actual payment by one of them to the original claimant or an agreement by one of the tortfeasors to pay the claimant which is thereafter fully executed.[6] While

---

[5] See General Statutes §§ 52-240a, 52-240b, 52-572m through 52-572r and 52-577a.

[6] General Statutes § 52-572o (e) provides: "If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution."

§ 52-572o (e) establishes preconditions to the initiation of a contribution action, this statute must be construed in harmony, if that is possible, with General Statutes § 52-102a (a), which authorizes the impleading of third parties by a defendant in a civil action without such preconditions. This latter provision states in relevant part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be *liable to him for all or part* of the plaintiff's claim against him." (Emphasis added.)[7]

General Statutes § 52-102a is similar in content to General Statutes § 52-577a (b) which is the statute of limitations in product liability actions. This latter statute provides: "In any [product liability] action a product seller may implead any third party who is or may be *liable for all or part* of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court." While § 52-577a (b) omits the words "to him" which are found in § 52-102a, the failure to identify specifically to whom the impleaded third party may be liable does not preclude parallel treatment of the two statutes in view of their otherwise similar language. *Link* v. *Shelton,* 186 Conn. 623, 627, 443 A.2d 902 (1982).

In *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965), we observed that *"indemnity* involves a claim for *reimbursement in full* from one on whom a primary liability is claimed to rest, while *contribution* involves a claim for *reimbursement of a share* of a payment necessarily made by the claim-

---

[7] Cessna was also proceeding in accordance with Practice Book § 117 which authorizes a defendant to implead a third party who may be liable for a *part* of the claim.

ant which equitably should have been paid in part by others." (Emphasis added.) It is evident that the language of § 52-102a, which describes a third party *who may be liable to the defendant for all or part of the claim,* refers to causes of action for indemnity and contribution respectively. Thus, while § 52-572o (e) requires some disposition of the original claim as a precondition to the *initiation* of a cause of action seeking contribution from a third party, §§ 52-102a and 52-577a (b) implicitly authorize the *inclusion* of such a claim in the original product liability action without any preconditions.

"If the statutes appear to be repugnant, but both can be construed together, both are given effect." *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607, 376 A.2d 71 (1977). Such a reconciliation is especially important in dealing with provisions that are enacted as part of the same legislation. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 200 Conn. 630, 637, 513 A.2d 52 (1986).

We harmonize the apparent inconsistency between the three statutes by concluding that the preconditions of § 52-572o (e) apply only to those circumstances where a party elects to pursue an independent cause of action for a contribution rather than impleading the prospectively liable third party as authorized by §§ 52-102a and 52-577a (b). This construction of § 52-572o (e) furthers the salutary purpose of encouraging parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of actions. Our earlier analysis of § 52-102a recognized this to be the case. See *Senior* v. *Hope,* 156 Conn. 92, 96, 239 A.2d 486 (1968); see also F. James & G. Hazard, Civil Procedure (3d Ed. 1985) § 10.18. In view of the similarity in language between §§ 52-102a and 52-577a (b), we see no reason why this analysis is not equally applicable to § 52-577a (b). Since these statutes implicitly authorize the initiation of con-

tribution actions by defendants in product liability cases, and the preconditions of § 52-572o (e) apply only to independent contribution actions, we conclude that the trial court erred in striking the second and fourth counts of the third party complaint.

Cessna next claims that the court erred in striking the remaining paragraphs of the third party complaint which sought indemnification from Schuler and Lindblom. The plaintiff argues that actions for common law indemnification within the context of a product liability claim have been abrogated by the adoption of the product liability act. We disagree.

As earlier discussed, there is within the language of both General Statutes §§ 52-102a and 52-577a (b) implicit authority for defendants to maintain both contribution and indemnification actions against third parties. Further, General Statutes § 52-572r (d) provides: "In any product liability claim for personal injury or death arising out of and in the course of employment subject to the provisions of sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a, brought against any third party, *such third party may not maintain any action for indemnity against any person immune from liability.*" (Emphasis added.) It is fairly inferrable that if indemnity actions are specifically prohibited by the product liability act against those who are otherwise immune from liability, then indemnity actions against those who are not so immune are authorized.

The further question remains, however, whether as a matter of law, an indemnification action may ever be pursued against the background of a statutory comparative liability action where the trier of the first party claim against the various defendants is required to apportion liability among the plaintiff and all the defendants. In other words, does a finding that one

defendant is 70 percent liable to the original plaintiff and another defendant 30 percent liable preclude any further finding that one of the defendants may be liable to the other defendant for all or a portion of the sums he or she was required to pay to the plaintiff?

" 'A judgment against co-defendants creates no liability between them if none before existed. "Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recovers judgment against B and C upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein a joint judgment establishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated." Freeman on Judgments, § 23.' [*Bulkeley* v. *House,* 62 Conn. 459, 474, 26 A. 352 (1893).] The illustration given relates to a contract, *but the principle is equally applicable in tort.* 1 Freeman, Judgments (5th Ed.) §§ 422–424; see also *Appell* v. *Schneider & Pomerantz Baking Co.,* 126 Conn. 16, 18, 8 A.2d 529 [1939]; *Bridgeport-City Trust Co.* v. *Niles-Bement Pond Co.,* 128 Conn. 4, 8, 20 A.2d 91 [1941]. In 101 A.L.R. 105,[8] it is said that 'the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary

---

[8] For a more recent discussion of this issue see 142 A.L.R. 727, wherein it is evident that this is the position held by the vast majority of jurisdictions that have considered this issue.

pleadings, and determined by the judgment in the first action.' " (Emphasis added.) *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 539–40, 52 A.2d 862 (1947).

The reason that the indemnity claim is not finally determined by the first party judgment lies in the fact that indemnification implicates different factual and legal considerations which may be outside of the matters determined in the first party plaintiff's claim under the product liability act. General Statutes § 52-572o (c) provides: "In determining the percentage of responsibility, the trier of fact shall consider, on a comparative basis, both the nature and quality of the conduct of the party." An indemnitee, however, must prove "that the negligence with which it had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active and primary." *Kaplan* v. *Merberg Wrecking Corporation,* supra, 415. The principles are different and are articulated in a different manner. Thus, a finding that a given defendant was liable to the plaintiff does not necessarily determine whether that responsibility was based on a passive negligence which might, therefore, entitle that defendant to a full reimbursement from other defendants based upon indemnification principles.[9]

Based on the implicit language of the foregoing statutes, we conclude that common law indemnification continues as a viable cause of action in the context of product liability claims and that the comparative responsibility principles that serve as its foundation do not bar a later determination of liability as between an

[9] We note that our holding in *Kyrtatas* v. *Stop & Shop, Inc.,* 205 Conn. 694, 702 n.2, 535 A.2d 357 (1988), was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case.

indemnitee and an indemnitor. The trial court therefore erred in striking the first and third counts of the third party complaint.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.