[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit by Atlantic Mutual Insurance Company as subrogee of Harry and Mary Ellen Lebien whose home was allegedly damaged by a "malfunction" in a furnace and heat exchanger. The defendant Ford Products Corporation ("Ford") was the manufacturer of this product and the defendant Fairfield Home Oil Corporation ("Fairfield") was the seller and installer.
The complaint has three counts. The first two are against Fairfield claiming negligence and breach of warranty. The third count is against Ford and asserts a cause of action under the product liability law, General Statutes 52-572m et seq. See Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989) ("The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope.")
Fairfield then filed a cross-claim against Ford seeking "indemnity . . . under a Product Liability Claim, as defined in Section 52-572 (m) and 52-572 (n) of the Connecticut General Statutes." CT Page 929
Ford now moves (#116) to strike this cross-claim, Practice Book 152, on the basis that codefendants in a products case do not have the right to indemnity.
It should be noted that Fairfield is not seeking indemnity under any kind of active/passive dichotomy but rather exclusively pursuant to the product liability statute. See General Statutes 52-572o (e).
The products liability statute has abrogated the common law rules of indemnification and contribution in the context of product liability suits where, as in this case, all potential defendants are parties to the original action. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 697,535 A.2d 357 (1988). The common law rules have been replaced with system of comparative responsibility. Any right that Fairfield has against Ford must exist pursuant to General Statutes 52-572o (e), which provides for an action for contribution and requires as preconditions either the rendering of a judgment or a discharge of the common liability by a payment to the plaintiff, neither of which was alleged in this cross-complaint. Thus, Fairfield has not sufficiently pleaded a claim for contribution and therefore the motion to strike should be granted.
Fairfield cites Malerba v. Cessna Aircraft Co.,210 Conn. 189, 195, 554 A.2d 287 (1989) as authority for its cross-claim. This case, however, permitted contribution and indemnification claims between a defendant third-party plaintiff and a third-party defendant under impleader is permitted by Practice Book 117, whereas the instant action involves codefendants who were initially named by the plaintiff. Thus, Malerba does not control this case because the factual circumstances and procedural postures are different. "(T)he preconditions of 52-5720 (e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution refer than impleading the prospectively liable third party . . ." Id., 195.
The motion by Ford to strike Fairfield's cross-claim is granted.
So Ordered.
Dated at Stamford, Connecticut this 20th day of August, 1990.
WILLIAM B. LEWIS, Judge CT Page 930