[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ADD PARTY DEFENDANT
By writ, summons and complaint served on August 17, 1989, plaintiffs allege that defendants were negligent in the operation of a motor vehicle and that as a result of said negligence plaintiff, Alan Chatt, a pedestrian, was struck by said motor vehicle and thereby injured and that plaintiff Gail CT Page 2718 Chatt, as the wife of Alan Chatt, has suffered damages in the nature of loss of consortium.
Defendants, in their answer, allege, by way of special defenses, negligence by plaintiff Alan Chatt as the cause of any damages which plaintiffs claim to have sustained.
Pleadings were closed and the case was claimed to the court trial list. On September 25, 1990, the case was ready for trial and it was to be assigned a trial date in November, 1990. At the call of the Court assignment list, counsel advised the court of two pending pleadings, i.e., Objection to Request to Amend Answer and Motion to Add Party Defendant.
On October 3, 1990, the parties were heard on each of said matters. Said objection was overruled; thereby, defendants were allowed to add a special defense alleging an act of negligence by plaintiff Alan Chatt.
Presently before the court is said Motion to Add Party Defendant. Said motion is based solely on that portion of 52-102
of the General Statutes which provides that:
 "Upon motion made by any party . . . . . . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party to the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ."
Defendants seek to add as a party defendant General Motors Corporation (GM) and to file a complaint by defendants against GM that "defendants' vehicle surged forward due to a malfunction" and that any alleged damages sustained by plaintiffs were "caused by a defective part contained within the [GM's product] which caused the vehicle to surge. . . ." In their proposed "complaint," defendants claim: "Wherefore, General Motors Corporation is liable to respond to the claim for damages set forth in the plaintiff's complaint."
Said motion should be denied.
It is not necessary that GM be a party in order to obtain a complete determination or settlement of any question involved in the action brought by plaintiffs. Necessary parties are defined as "`[p]ersons having an interest in the controversy and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . .' [B]ut if their interests are CT Page 2719 separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties'. . . ." "In short, a party is `necessary' if its presence is absolutely required in order to assure a fair and equitable trial." Biro v. Hill,214 Conn. 1, 5, 6.
Determination of the alleged negligence of plaintiffs and defendants does not require that GM be made a party.
Essentially, defendants seek to have GM added as a party in order to have determined their claims of indemnity or contribution against GM. Determination of these claims does not require that GM be made a party; these claims may be determined in a separate action. Malerba v. Cessna Aircraft Co., 210 Conn. 189.
Accordingly, said Motion to Add Party Defendant is denied.
RONALD J. FRACASSE, JUDGE