[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (NO. 139 MOTION TO STRIKE)
Third party defendant, Leslie Calabrese, moves to strike the Amended Third Party Complaint contending that this action for indemnity under the Tort Reform Act fails to state a cause of action.
The following facts are alleged in the plaintiff's amended complaint and the third-party plaintiff's amended complaint. On December 16, 1988, plaintiff Allison Stratton [Stratton] was injured at her school, the defendant Sacred Heart Academy [Sacred Heart] in Hamden when a "hallway locker fell over and struck her left foot." Stratton is a minor and sues Sacred Heart through her father in two counts for negligently installing the locker and for failing to warn of its danger.
April 6, 1990, Sacred Heart impleaded three sacred Heart students, Sheila McHugh, Kimberly Patton and Leslie Calabrese, in a two-count complaint to seek indemnification and/or contribution under the active/passive negligence doctrine. Sacred Heart alleges that the three students struck the locker and caused it to fall. On May 3, 1990, Stratton amended her original complaint and added the three students as party defendants. Stratton sues the three students in two counts alleging that they negligently caused the locker to fall.
On September 17, 1990, Leslie Calabrese [Calabrese], one of the three students, moved to strike the third-party complaint and filed a supporting memorandum of law, arguing that because the third-party defendants are now party defendants, the applicable comparative negligence principles obviate the need for indemnification. Sacred Heart objected to the motion to strike and filed an opposing memorandum of law. Calabrese's motion to strike discusses the indemnification count only.
To state a claim for indemnification under the active/passive negligence theory, the party seeking it must allege: CT Page 1446
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's [or third-party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990) (citations omitted); but see Atkinson v. Berloni, 23 Conn. App. 325,328 (1990) (independent legal relationship also required).
Sacred Heart alleges in its amended third-party complaint that Calabrese and the other third-party defendants intentionally or negligently "struck the locker causing it to fall," that the third-party's primary negligence directly and immediately caused Stratton's injuries, that the third-party defendants controlled the situation to the exclusion of Sacred Heart, and that Sacred Heart had no reason to anticipate the third-party's action and could reasonably rely on them to act otherwise.
Calabrese contends that because the third party defendants are now co-defendants, meaning the trier of fact will determine whether and to what extent each was negligent under comparative negligence, the claim for indemnification is legally insufficient.
In Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989), a products liability case, the Supreme Court discussed the relationship between comparative negligence and indemnification.
 A judgment against co-defendants creates no liability between them if none before existed. . . . Thus a finding that a given defendant was liable to the plaintiff does not necessarily determine whether that responsibility was based on a passive negligence which might, therefore, entitle that defendant to a full reimbursement from other defendants based upon indemnification principles.
Id. at 197-98.
Sacred Heart's claim for indemnification is legally sufficient.
Accordingly, the motion, to strike is denied. CT Page 1447
STUART M. SCHIMELMAN, JUDGE