[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to implead, filed August 31, 1988 by Northeast Associates, Inc. seeking permission, as third party plaintiff to serve a writ, summons and complaint on Coast to Coast Manufacturing Co., Merit Walls and Windows, Inc., the Dow Chemical Co., and Barrett Roofing and Supply Co. of Danbury, Inc., who are not presently parties to the original action is hereby granted. See, Malerba v. Cessna Aircraft Co., 210 Conn. 189
(1989) (holding that while the right to indemnity within a product liability suit is barred among codefendants who have been joined by a plaintiff, it is nevertheless available to a defendant who impleads a third party).
Only Coast to Coast has filed a written objection to the motion to implead. Coast to Coast Manufacturing Co. had been a party to the litigation, first as a defendant to the Eleventh Count of the complaint filed by Station Plaza Associates Limited Partnership on August 6, 1987, and then as a defend to a cross-claim filed by Norcross Company on February 16, 1988. The plaintiff, Station Plaza Associates Limited Partnership withdrew its claims as to Coast to Coast on June 23, 1988, but CT Page 1380 the cross complaint against Coast to Coast Manufacturing Company was just recently stricken on April 20, 1990. Therefore, Coast to Coast had been a party to this action for nearly three years. Additionally, as counsel for Northeast represented, the case was dismissed under the court's dormancy program on June 22, 1990 and was only restored on December 11, 1990. Therefore, no undue prejudice will befall Coast to Coast as a result of Northeast Association's motion to implead.
In an effort to expedite the litigation, conserve judicial resources and simplify the protracted discovery already present, this court hereby grants the motion to implead and overrules the objection thereto.
KATZ, JUDGE