[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The common law principles of indemnification have been abrogated by Conn. Gen. Stat. 52-572o (e) in the area of product liability. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,702 (1988). The court's holding in Kyrtatas is limited to the situation where all potential defendants are parties to the suit. Id. at 702 n. 2. It does not include the situation where a person is made a third party defendant by impleader pursuant to Conn. Practice Book Sec. 117 and Conn. Gen. Stat. 52-102a
and 52-577a(b). Id.; see also Malerba v. Cessna Aircraft Co.210 Conn. 189, 198 (1989) (where a claim for indemnification was allowed against an impleaded third party defendant).
It is found that both defendants in the present case are named defendants in the plaintiff's original action brought pursuant to Conn. Gen. Stat. 52-572m. It is therefore held that Kyrtatas v. Stop Shop, Inc., 205 Conn. 694 (1988) is the CT Page 5377 controlling authority and that the defendant Caterpillar Tractor Company's motion to strike the defendant Robert F. Swift's cross-claim is accordingly granted.
STENGEL, J.