[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The issue before the court is whether our law permits one defendant in a products liability suit, who has not suffered a judgment in favor of the plaintiff or paid a settlement to it, to cross complain against another named defendant for contribution.
Before the court is the motion of co-defendant Gaston to strike the third count of co-defendant Matheson's crossclaim sounding in contribution. Indemnity involves a claim for reimbursement in full from one on whom the primary liability is claimed to rest while contribution involves a claim for reimbursement of only a share of the payment necessarily made by the claimant which equitably should have been paid in part by CT Page 3368 others. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194-195, citing Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405. The court finds that Matheson's crossclaim for contribution is a cognizable cause of action pursuant to Malerba v. Cessna Aircraft Co., 210 Conn. 189, and Practice Book 116. The motion to strike is denied.
The named plaintiff ITT Semiconductors, a division of ITT Corporation, brought this lawsuit sounding in products liability and negligence on September 12, 1989, to recover for money damages arising out of a fire in a Shelton, Connecticut semiconductor plant occurring on September 17, 1987. The complaint alleges that the fire resulted from a defective gas regulator which was defectively manufactured, negligently repaired, negligently tested, negligently installed, and/or part of a system that was negligently designed. The plaintiff claims losses in excess of $2,500,000.
Defendants are Matheson Gas Products, Inc., Cryodyne Technologies, Inc., Thomas Gaston, and Kent Technical Applications, all of whom allegedly were involved in causing the fire.
In response to plaintiff's second amended complaint, Matheson filed a crossclaim against Gaston stating that "in the event that judgment should be entered against Matheson, it is entitled to contribution from Gaston". It is that crossclaim for contribution that is the subject of this motion to strike.
Gaston argues that in addition to the general rule that there is no common law right of contribution between joint tortfeasors, Matheson has failed to set out the statutory requirements for a claim of contribution pursuant to 52-572o(e) of the General Statutes, in that no judgment has entered against Matheson Gas nor has Matheson otherwise pled that it has paid any settlement of the claims of the plaintiff.
In opposing the motion to strike, Matheson argues (1) that the common law rule prohibiting contribution between joint tortfeasors has been abrogated by the Products Liability Act and (2) 52-572o(e) of the General Statutes is inapplicable to the case at bar. Matheson argues that the Supreme Court in Malerba, supra, has stated that "the preconditions of Conn. Gen. Stat. 52-572o (e) only apply when a party chooses to pursue its claim for contribution in an independent lawsuit rather than to include it in the same judicial proceeding." Section 52-572o (e) of the statutes requires that an action for contribution be brought within one year after a judgment against the party seeking contribution becomes final or if no judgment has been rendered that the person bringing the action for contribution must by payment discharge the common liability and bring suit within one year of that payment. In Malerba the court addressed the issue of the apparent inconsistency CT Page 3369 between that section of the statutes and 52-102a(a), the general impleader statute, and 52-577a(b), the Products Liability Impleader statute, by stating "we harmonize the apparent inconsistency between the three statutes by concluding that the preconditions of 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party as authorized by 52-102a and 52-577a(b). This construction of 52-572o (e) furthers the salutary purpose of encouraging parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of the actions." Under the Malerba reasoning, the existence of a judgment against a cross complainer or the necessity of having paid a payment to discharge the common liability is not required before the claim can be made in an action to which both defendants are already parties to the lawsuit. Furthermore, Practice Book 116 authorizes crossclaims for contribution by defendants against other parties to the action.
For all these reasons the motion to strike is denied.
FLYNN, JUDGE