[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action under our Product Liability Act seeking to recover sums paid to its insured as a result of a fire occurring on the premises by the defendant McDonnell Leasing Corporation, d/b/a Taylor Rental Center (hereinafter "McDonnell"). The plaintiff claims that the loss was caused by defective machinery installed by the defendant Direct Machinery Sales Company (hereinafter "Machinery"). Direct Machinery has filed a cross-claim against the defendant McDonnell seeking indemnification under the first count and contribution under the second count. McDonnell has now moved to strike the claims for indemnification and contribution on the grounds that Connecticut law does not permit such a recovery.
With respect to indemnification claims, the court, in Kyrtatas v. Stop Shop Inc., 205 Conn. 694 (1988) held that where all potential defendants are parties to the litigation, the common law indemnification principals have been abrogated in product liability actions by virtue of the provisions of General Statutes 52-5720(b) which provides for the determination of comparative responsibility by the trier of fact. The court in Kyrtatas specifically reserved decision with respect to the application of the decision to situations where a third party was impleaded as a defendant pursuant to Practice Bk. 117. In Malerba v. Cessna Aircraft Co.,210 Conn. 189 (1989) the court held that common law indemnification continued to be a viable cause of action context to product liability claims where the claims are initiated under a third-party complaint. The court specifically noted that the Kyrtatas decision was limited to its factual circumstances which was different from the procedural posture existing in the Malerba case. (See footnote CT Page 5018 #9).
The court therefore concludes that the Kyrtatas decision still constitutes controlling law and accordingly, the motion to strike the first count of the counterclaim is granted. See such cases as Hoboken Wood Flooring Corp. v. Torrington Supply Company Inc., 1991 West Law 256589 November 19, 1991, (Blue, J.).
McDonnell also claims that the cause of action for contribution asserted in the second count of the crossclaim cannot be made, in as much as Direct Machinery cannot satisfy the requirements for the assertion of a contribution claim as set forth General Statutes 52-570o(e) which requires either the entry of a judgment or the discharge or payment of a common liability. In Malerba, supra at 195, the court noted that the provisions of General Statutes 570o(e) constitute a "precondition" to the initiation of a cause of action seeking contribution. As the crossclaim filed by Direct Machinery does not allege compliance with the statutory preconditions for the institution of an action for contribution, the motion to strike should be granted. See such cases as Atlantic Mutual Insurance Company v. Ford Products Corporation, 1990 West Law 283828, August 20, 1990 (Lewis, J.).
Accordingly, the motion filed by the defendant McDonnell to strike both counts of the crossclaim filed by Direct Machinery is hereby granted.
RUSH, J.