[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AMENDED CROSSCLAIM
Ambrose Bierce once compared a lawsuit to a machine into which a party goes whole and ends up as sausage. This case brought under52-572n of the General Statutes started out with sausage manufactured by the first party defendant DeYulio and served upon the plate of the plaintiff by the first party defendant Valley Diner, Inc. It has been said that every part of the pig goes into the making of a sausage, even the squeal. What offends the plaintiff, however, is his claim that, apart from the squeal, one of the sausages contained a piece of glass causing him to fracture a tooth. The Diner has crossclaimed against the sausage maker seeking indemnity for the plaintiff's product claim. This crossclaim has evidently gotten under the sausage maker's skin and, before being put through another grinding experience, he has challenged the crossclaim by filing a motion to strike.
Not surprisingly for one used to combining many ingredients, the sausage maker has peppered and stuffed his motion and brief CT Page 291 with many legal arguments. Since the court believes in getting to the meat of the issue, it will confine itself to a more limited menu and discussion of but one. The sausage maker claims and the court agrees that a crossclaim for indemnification cannot lie where all potential defendants are parties to a product liability action because of the holding in Kyrtatas v. Stop Shop, Inc., 205 Conn. 694
(1988). Kyrtatas did not permit indemnification between defendants under such a factual scenario because to do so would be inconsistent with 52-572o of the General Statutes, which limits a judgment against any party only to that percentage of responsibility allocable to that party, and permits contribution only after judgment or payment or agreement to pay the common liability.[1] The Diner asks the court to ignore the Kyrtatas holding and faults the logic of it in light of the later ruling of the Supreme Court in Malerba v. Cessna Aircraft Co., 210 Conn. 189
(1989) between a first party defendant — third party plaintiff and a third party defendant not named as a defendant in the original lawsuit. Malerba did not overrule the Kyrtatas case, but distinguishes it based on the presence of all parties in the initial Kyrtatas lawsuit, as opposed to the Malerba situation where some were not. Malerba, supra at 198. This court will resist the Diner's invitation to dwell on Malerba's rationale further, first, since it is unnecessary for disposition of this motion, and secondly, because doing so might result in biting off more than the court could chew. Having hashed the matter over, the court is of the opinion that the motion to strike the indemnity crossclaim leaves the Diner with an empty plate.
The motion to strike is granted.
Flynn, J.