[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT STANLEY MAGIC DOOR COMPANY'S MOTION TO STRIKE THE THIRD PARTY COMPLAINT
The plaintiff Rita Rickhoff sued the defendant Milford Hospital for alleged negligence when entrance doors to the hospital closed on her, crushing her arm. Before the court is the motion to strike of the third party defendant door manufacturer against the third party plaintiff hospital The third party defendant door manufacturer has moved to strike both counts on the grounds that (1) the hospital cannot seek apportionment and indemnification in the same action, because once a party is subject to apportionment, the matter is considered res adjudicata upon the findings of the jury, citing Kyrtatas v. Stop Shop, 205 Conn. 694, 702 (1988); and (2) because count one contains no independent claim for relief.
Certain aspects of the prior procedural history of this case are pertinent. The plaintiff originally sued only the defendant hospital. In October 1991, the defendant hospital moved to cite in the Stanley Magic Door Company and Door Control, Inc. "for the reason that Stanley and/or Door Controls are or may be liable to the defendant for all or part of the claims made against it as a result of their sole or concurrent liability in the above captioned case." Therefore, all potential defendants were not initially named defendants in the original plaintiff's lawsuit.
The plaintiff's complaint is grounded solely on a negligence theory. The defendant hospital's third party complaint is based on a theory of products liability. The prayer for relief as to both Counts sought indemnification. In March of 1993 the third party plaintiff filed an amended third party, still seeking indemnification in its prayer for relief and also seeking "appointment" (sic) of damages pursuant to 52-102a and 52-572(c) of the General Statutes. Paragraph eight of the second count asserts that Stanley Magic Door "shall be liable for a proportionate share of the damages" and claims indemnification in its prayer for relief in that count.
The defendant hospital claims its third party complaint, first count, sounds in indemnification and the second count in apportionment. It maintains that Malerba v. Cessna Aircraft Company, 210 Conn. 189, held that common law principles of indemnification had not been abrogated by the products liability statute.
The court will first turn to the plaintiff's contention that the doctrine of res judicata and the holding in Kyrtatas bars CT Page 7999 indemnity in a case where the jury must apportion liability among the parties to the lawsuit. The Supreme Court specifically found in the case of Malerba v. Cessna Aircraft Co., 210 Conn. 189 that comparative negligence allocation by a jury as part of its statutory responsibilities does "not bar a later determination of liability as between an indemnitee and an indemnitor". Kyrtatas' holding is not applicable because the plaintiff's first party action is not a product liability action at all, and because Kyrtatas' holding in Malerba has been specifically limited to its factual and procedural posture where all potential defendants were defendants in the original plaintiff's lawsuit. See n. 9, Malerba, supra at 198. See also, Buda v. Valley Diner Inc. et al.,8 Conn. L. Rptr. 258; Malinowski v. Freidrich Air Conditioning Co.,2 Conn. L. Rptr. 169; Hall v. Sarstadt, 2 Conn. L. Rptr. 330, 331; Atlantic Mutual Ins. Co. v. Ford Products Corp.,2 Conn. L. Rptr. 168; Palmer v. Caterpillar Tractor, 4 Conn. L. Rptr. 241; Hoboken Wood Flooring Corp. v. Torrington Supply Co., 6 CSCR 1113,
The third party defendant door manufacturer also asserts that the first count should be struck because it contains no independent claim for relief. That is denied. The second count sets out a claim for apportionment of liability to the plaintiff between the hospital and another potentially responsible party, the defendant, door manufacturer. The first count is a claim for indemnity where the third party plaintiff seeks payment in full from the third party defendant for any judgment it may be required to pay to the plaintiff. The relief claimed is therefore distinct.
The court's decision on this motion is limited only to those claimed legal infirmities raised by the motion.
Motion to strike DENIED.
Flynn, J.