[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION FOR SUMMARY JUDGMENT
In this matter, the third party defendant, Hudson Food Service Company, has moved for Summary Judgment on the Third Party Complaint on the grounds that the action is barred by the Statute of Limitations as applying to products liability claims. C.G.S.52-577a.
The action against this third party defendant was commenced by a complaint dated October 15, 1993 and served upon this defendant on October 16, 1993. The third party plaintiff Connecticut Bar and Restaurant Supplies was named as a defendant in an amended complaint dated April 16, 1993 which complaint was grounded on a product liability claim. Under Section 52-577a(b) such an action of impleader may be brought within one year and accordingly since this action was commenced well within the one year period following the filing of the amended complaint of April 16, 1993 the claim of Statute of Limitations does not apply and the Motion for Summary Judgment on this basis as to the first count is denied.
As to the second count which is based upon common law indemnification such a claim may be asserted in a products case against parties who were not parties to the original action,Malerba v. Cessna Aircraft Company, 210 Conn. 189, 196-198. A party claiming indemnification must demonstrate that the alleged indemnitor owed that party a duty based upon an independent legal CT Page 7740 relationship. Since Connecticut Bar and Restaurant Supplies alleges that it purchased the claimed defective troughs from the third party defendant Hudson, a question of fact exists as to this relationship and accordingly summary judgment must be denied.
George W. Ripley, Judge