[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Torrington Country Club, filed a second revised amended complaint against, inter alia, the Newfield Construction Company ("Newfield"), wherein the plaintiff sought damages arising out of the alleged degradation of the plaintiff's clubhouse roof. Newfield subsequently filed a motion to implead, among others, Kaestle Boos Associates, Inc.(KBA), which motion was granted by the court, (Pickett, J.), on June 1, 1993. Based on the foregoing, Newfield filed a third party complaint against, inter alia, KBA as a third party defendant. In that complaint, Newfield alleges in counts seven through nine that KBA was engaged by the plaintiff to design a new clubhouse, and is therefore liable to Newfield under theories of indemnification based upon negligence, negligent misrepresentation, and breach of implied warranty, respectively. On June 22, 1994, KBA filed a motion for summary judgment on the grounds that: (1) Newfield's claims are barred by the operation of General Statutes § 52-584a, which provides for a limitations period on actions brought against architects or engineers[1], and; (2) a statutory indemnity action lies only where the underlying claim of the original plaintiff is based on negligence. KBA has filed a memorandum of law, along with answers to a request for interrogatories, in support of its motion. Newfield has filed a memorandum of law in opposition.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Lightand Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). Issue finding, rather than issue determination, CT Page 11350 is the key to the procedure. Yanow v. Teal Industries Inc.,178 Conn. 262, 269, 422 A.2d 311 (1979).
1. Statute of Limitations
General Statutes section 52-584a provides:
 Actions against architect or professional engineer. (a) No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) for injury to the person or for wrongful death arising out of any such deficiency, or (2) for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement more than seven years after substantial completion of such improvement.
 (b) Notwithstanding the provisions of subsection (a) of this section, in the case of such an injury to property or the person or such an injury causing wrongful death, which injury occurred during the seventh year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than eight years after the substantial completion of construction of such an improvement.
 (c) For purposes of subsections (a) and (b) of this section, an improvement to real property shall be considered substantially complete when (1) it is first used by the owner or tenant thereof or (2) it is first available for use after having been completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the CT Page 11351 contract or agreement, whichever occurs first.
 (d) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring action.
In its supporting memorandum, KBA argues that a certificate of occupancy was issued on July 22, 1985, and that the club was first used by the owner on August 5, 1985. KBA had submitted a request for interrogatories and production to the plaintiff, and, in support of its motion, KBA has attached a copy of plaintiff's responses.[2] The plaintiff's answers reveal that it admitted that August 5, 1985 was: (1) the date of substantial completion of the new clubhouse, (2) the date on which the new clubhouse was first available for use, and (3) the date upon which the new clubhouse was first used by the plaintiff. In the same request, KBA also inquired as to the date on which a certificate of occupancy was issued with respect to the new clubhouse, wherein the plaintiff responded "[o]n or about July 22, 1985." Based on the answer which recited that the club was first used by the owner on August 5, 1985, KBA postulates that this action should have been commenced by August 4, 1992 in order to escape the prohibition set forth in § 52-584a; supra; however, KBA concludes that this action is barred by the operation of § 52-584a because it was not commenced until June of 1993.
In its opposition memorandum, Newfield expressly declines to challenge KBA's calculation with regard to the seven year statute of repose as set forth in § 52-584a. Newfield does argue, however, that its third party complaint is timely filed pursuant to Public Act 93-370.
Public Act 93-370 provides, that:
 Notwithstanding any provision of chapter 926 of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.[3]
The purpose of this provision is to prevent the statute of CT Page 11352 limitations from barring an indemnification action against a third-party defendant before such an action even accrues. NorthStreet Elderly Limited Partnership v. Kapetan, Inc.,11 Conn. L. Rptr. 1, 5 (March 14, 1994, Lewis, J.).
In the present case, the latest date that any negligence by KBA could have occurred was July 22, 1985, the date upon which the certificate of occupancy was issued signifying that the new clubhouse was ready to be occupied at that time. Under General Statutes § 52-584a, the statute of limitations would have barred Newfield's indemnification action against KBA based on tort brought after July 22, 1992. No determination, however, has been made with respect to Newfield, the party seeking indemnification from KBA. Therefore, Newfield may avail itself of the operation of Public Act 93-370, and KBA's motion for summary judgment on this ground is denied. See, e.g. Shuhl v. New Haven FoodTerminal, Inc., 11 Conn. L. Rptr. 416 (April 26, 1994, Hartmere, J.).
2. Indemnification
In the alternative, KBA argues that a third-party claim for common law indemnification does not lie where the first party action does not allege negligence. KBA postulates that since the underlying action originally brought by Torrington Country Club against the third-party plaintiff, Newfield, is a statutory products liability action, and not a negligence action, the active/passive theory of indemnification is inappropriate.
Conversely, Newfield argues that its claim for indemnification, based upon KBA's alleged act of negligence, is legally sufficient in light of our Supreme Court's holding inMalerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287
(1989).
In Malerba, the plaintiff brought an action against the defendant, Cessna Aircraft Company, seeking damages arising out of an aircraft accident. The complaint alleged separate theories of recovery, including strict products liability. Cessna Aircraft Company subsequently impleaded and served a third party complaint on the aircraft's owner, Schuler, and the aircrafts mechanic, Lindblom. Cessna Aircraft Company, as third-party plaintiff, sought recovery from the third-party defendants based upon common law principles of indemnification and contribution. Thereafter, the original plaintiff filed a motion to strike the third-party CT Page 11353 complaint in its entirety, while the third-party defendant, Schuler, filed a motion to strike only the second count of the third party complaint, sounding in contribution. The trial court granted both motions and the third-party complaint was stricken in its entirety. Cessna Aircraft Company claimed, in part, that the trial court erred in striking those paragraphs which sought indemnification from third-party defendants Schuler and Lindblom. In finding the trial court's ruling in error, the court inMalerba stated: there is within the language of both General Statutes §§ 52-102a and 52-577a(b) implicit authority for defendants to maintain both contribution and indemnification actions against third parties. Further, General Statutes § 52-572r(d) provides: `In any product liability claim for personal injury or death arising out of and in the course of employment subject to the provisions of sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a, brought against any third party,such third party may not maintain any action for indemnityagainst any person immune from liability.' (Emphasis added.) It is fairly inferable that if indemnity actions are specifically prohibited by the product liability act against those who are otherwise immune from liability, then indemnity actions against those who are not so immune are authorized's Id., 196.
The court concluded that "[b]ased on the implicit language of the foregoing statutes . . . common law indemnification continues as a viable cause of action in the context of product liability claims . . . ." Id., 198. Superior Court cases have held in accord with this rule. See, e.g. Gilhuly v. Brennan ConstructionCo., Superior Court, Judicial District of New Haven at New Haven, No. 335920 (Aug. 1, 1994, Ripley, J.). Since claims brought by a third-party plaintiff for common law indemnification may be brought against a third-party defendant within the context of a products liability claim, KBA's motion for summary judgment is denied on this alternative ground, as well.
DRANGINIS, J.