[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has brought this action on behalf of her child, Taylor Squeglia, claiming injuries sustained as a result of the negligence of the defendant Nail Salon. That defendant has, in turn, brought a cross claim sounding in common law indemnification and contribution. Count six seeks contribution against the defendant Three Bond of America, Inc., which has moved to strike this count on the basis of its claim that under our products liability statute, such a claim cannot arise until after the named defendant has made a payment on a judgment to the plaintiff. Because no such judgment has entered and no such payment has been made, it moves to strike count six for failure to state a claim upon which relief may be granted.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems. Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The gravamen of Three Bond's contention is that General Statutes § 52-572o does not permit an action for contribution based on product liability until certain preconditions, including the obtaining of a judgment against the defendant seeking contribution, have been met. That section provides, in pertinent part, that:
 The person bringing the action for contribution must either (1) discharge by payment the common liability within the period of the statute of limitations . . . and commence the action for contribution CT Page 5328 within one year after payment, or (2) agree while action is pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution. [General Statutes § 52-572o(e)].
In 1989, our Supreme Court considered the identical issue and decided to "harmonize the apparent inconsistency between the three statutes [§ 52-102a(a), § 52-577a(b), and §52-572o(e)] by concluding that the preconditions of § 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action rather than for impleading the prospective liable third party. Malerba v. Cessna AircraftCo., 210 Conn. 189, 195 (1989). Although the named defendant points out differences between this case and Malerba, but they are not of such a nature as to undermine the logic behind theMalerba holding and its applicability to this type of situation.
In a supplemental memorandum, Three Bond suggests that the fifth count of the cross claim, which seeks indemnification, should also be stricken. A motion to strike this count has never been filed, however, and, in any event, Malerba also holds that "common law indemnification continues as a viable cause of action in the contest of product liability claims. . ." Id. 210, Conn. at 198-199.
Finally, the named defendant, arguing that Three Bond simply ignored Malerba in raising this motion to strike, asks that sanctions be imposed against it. This court cannot conclude that the motion to strike was not raised in good faith, and the request for sanctions is therefore denied.
In summary, the motion to strike the sixth count of the cross claim is denied. To the extent that that motion also implicates the fifth count, it is also denied as to that count. The named defendant's request for sanctions is also denied.
Jonathan E. Silbert, Judge CT Page 5329