[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO MOTION TO DISMISS
CT Page 9215
The plaintiff brings this action against Connecticut Drill Rod and Supply, Inc. in a single count claiming negligence, breach of warranty and strict tort liability arising out of the sale and manufacture of an allegedly defective drill bit and/or drill rod which allegedly caused his personal injuries. This is a product liability claim, regardless of the underlying common law theories which existed prior to the adoption of the product liability statutes (§§ 52-572l
through 52-572q). See General Statutes §§ 52-572m(b);52-572n(a).
The defendant has filed a third party complaint against an entity known as Universal Products International, Inc., in three counts, claiming that the third party "remanufactured" the product and that they impliedly warranted the product. The defendant seeks contribution, indemnity, contractual breach of warranty damages, and/or that "under Section 52-572o
of the Connecticut General Statutes, should pay its proportionate share of damages to the plaintiff consistent with its degree of fault."
The third party defendant has appeared pro se as of July 11, 1996. The plaintiff has not asserted any claim against the third party defendant, although this could have been accomplished within twenty days of the third party's appearance, per General Statutes § 52-102a(c).
General Statutes § 52-572r, which was in effect at the time of the alleged occurrence, June 14, 1993, and which was repealed effective July 1, 1993 by Public Act 93-228, precluded the employer or its insurer from intervening in product liability claims for personal injuries. The statute, of course, provided that the verdict would be reduced by the amount paid, and the present worth of future payments, made or to be made under the Workers' Compensation Act.
The law is clear that under the statute, if the plaintiff's complaint sounds in product liability, the employer would be precluded from intervening in the plaintiff's action. See Rodia v. Tesco Corporation, 11 Conn. App. 391,394 (1987). Hence, in the present action, the employer of the plaintiff, Balf Company, is precluded from CT Page 9216 intervening in the claim of the plaintiff against the defendant.
As concerns the employer Balf's proposed intervening in the claim of the defendant against the third party defendant a more detailed analysis is appropriate.
General Statutes § 31-293 allows the employer to intervene "if either the employee or the employer brings an action against the third person . . ." The plaintiff herein has brought no action against the third party defendant, neither by an initial direct claim nor a later claim under the provisions of General Statutes § 52-102a(c). Hence there is no claim by the plaintiff against the third party defendant into which the employer can intervene.
To the extent that the impleading of the third party by the defendant may be interpreted as if it is tantamount to the asserting of a claim by the plaintiff against the third party (see Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194
(1989), through such interpretation would appear to defy the reality of the actual circumstances, yet, even under such an interpretation, the third party complaint being what would be a product liability action if in fact brought by the plaintiff, the barring of the employer's intervention would be applicable as a matter of law, under the former General Statutes § 52-572r.
To the extent that the third party complaint is perhaps more realistically interpreted as an action for common law indemnity as between the defendant and the third party defendant, or breach of contract between those two parties, the plaintiff is not a party to the action between only those two parties. Hence there is no claim by the plaintiff as concerns the claim between those parties. Further, because the plaintiff cannot be awarded, and the defendant cannot be compelled to pay to the plaintiff the employer's losses by the underlying action, then defendant cannot seek indemnity or contract reimbursement for those losses which he did not pay, by asserting an indemnity action against the third party defendant. Any potential payment from the third party defendant to the defendant represents only reimbursement for payment of employee's non-compensated loss, and not the employer's workers' compensation payments loss. CT Page 9217
Lastly, the former General Statutes § 52-572 (c) precludes the employer from bringing a product liability claim as subrogee of the employee. This prohibition cannot be avoided by seeking to intervene in the employee's direct action, or in the third party action.
Intervention of the employer Balf Company is precluded by General Statutes § 52-572r as applicable to this action Rodiav. Tesco Corporation, supra. The plaintiff's objection to the employer's motion to intervene is sustained.
L. Paul Sullivan, J.