[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION TO STRIKE
PROCEDURAL HISTORY
The plaintiffs, Stephen and Betty Kahn, commenced a negligence action against Ron Weiser on September 25, 1998. The Kahns contracted with Weiser for the painting of their residence, and a fire occurred while Weiser's employees were removing paint from the surfaces of the structure. On May 9, 2000, Weiser filed an amended third party complaint in three counts against Makita, the seller of the heat guns used to remove paint from the premises where the fire occurred.
Makita moved to strike the complaint on May 26, 2000, on the grounds that only product sellers may bring impleader actions under the Product Liability Act and that Weiser failed to allege the necessary elements for contribution in a negligence action. Weiser objects to the motion on the ground that he impleaded Makita pursuant to General Statutes § 52-102a
and that, as such, he presents a valid cause of action under the Product Liability Act.[1] The court concludes that he does not and, accordingly, grants Makita's motion to strike.
STANDARD — MOTION TO STRIKE
CT Page 3205
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820, 825
(1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. "A motion to strike admits all facts well pleaded." Parsons v. United TechnologiesCorp., 243 Conn. 66, 68 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. "Gazo v. City of Stamford, 255 Conn. 245, 260 (2001).
ISSUE
Whether a non-product seller's third party complaint sounding in product liability against a product seller for contribution states a legally cognizable cause of action.
DISCUSSION
A "`[p]roduct liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572m (b). In the present case, the third party plaintiff expressly invokes the Product Liability Act in his complaint and alleges, inter alia, that the defendant failed to adequately warn, inspect, and test its product.
In Connecticut, the right to contribution was not recognized at common law. See Sims v. Honda Motor Co., Inc., 225 Conn. 401, 517 (1993). This rule was abrogated by the legislature; see General Statutes § 52-572h
(h); and contribution is now allowed in the context of product liability actions. See General Statutes § 52-572o (e).[2] Furthermore, a third party may be impleaded for the purposes of contribution in a products liability action. See Malerba v. Cessna Aircraft Co.,210 Conn. 189, 195-96 (1989) (reconciling the inconsistency between52-572o (e) and 52-577a (b)).[3]
The Superior Court has addressed the issue of whether product sellers may implead third party non-product sellers for the purposes of contribution. See Maresca v. De Longhi, Superior Court, judicial district CT Page 3206 of Hartford/New Britain at New Britain, Docket No. 462046 (Dec. 12, 1994, Handy, J.) (permitting product seller to file third party complaint based on contribution against non-product sellers); Babcock v. New HavenSuzuki, Inc., Superior Court, judicial district of New Haven, Docket No. 259999 (Oct. 18, 1990, Berdon, J.) (holding that contribution between joint tortfeasors was permissible where third party defendant was non-product seller).
The Superior Court has also dealt with the issue of whether a non-product seller may implead a product seller for purposes of contribution. In Gelormino v. J.C. Penney Co., Inc., Superior Court, judicial district of Litchfield, Docket No. 067840 (May 22, 1997,Dranginis, J.), the first party plaintiff allegedly tripped and fell over a clothing rack at a retail store and pursued a negligence action against the defendant store. Thereafter, the store sought to implead the seller of the rack. The court determined that the claim asserted by the third party plaintiffs was not made pursuant to the Product Liability Act because the third party plaintiff and the third party defendant were both commercial parties. Refusing to strike that portion of the third party complaint wherein contribution was sought, the court determined that the complaint was appropriately pleaded pursuant to § 52-102a.
In Drew v. J.C. Penney, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 367167 (May 17, 2000, Skolnick, J.), the first party plaintiff was allegedly injured by while having her hair colored at the defendant's salon. The salon sought to implead the sellers of the hair care product that caused the plaintiffs injuries for the purposes of indemnification. Stating that § 52-102a was the appropriate mechanism for bringing a third party action for indemnification where the third party plaintiff was a not a product seller, the court struck the complaint on the ground that the plaintiff asserted a product liability claim rather than a negligence claim. Id.
In the present case, § 52-577a (b) is clear on its face: "a productseller may implead. . . ." (Emphasis added.) Weiser is not a product seller as defined by the Product Liability Act. See General Statutes § 52-572m (a). Therefore, it is inappropriate for Weiser to implead Makita for purposes of contribution. See King v. Pfizer, Inc., United States District Court, Docket No. H-85-857 (District of Connecticut, June 11, 1987); Levy v. Westfield, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 205318 (May 30, 1986, Melville, J.);Mezochow v. West Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 292657 (June 13, 1985, MHennessey, J.).
Also, Weiser seeks recovery on a commercial loss and both Weiser and CT Page 3207 Makita are commercial parties. For this reason, suit may not be brought under the Product Liability Act. See Gelormino v. J.C. Penney Co., Inc., supra, Docket No. 067840.[4] The appropriate mechanism, then, for asserting a third party complaint is set forth in § 52-102a; however, notwithstanding the allegations contained in Weiser's memorandum opposing this motion, he asserts only a product liability claim. (Revised Third Party Complaint dated 5/09/2000, Third Count ¶¶ 1-12; compareDrew v. J.C. Penney, supra, Docket No. 367167; see also Lewis v. PuritySupreme Supermarkets, Superior Court, judicial district of Tolland at Rockville, Docket No. 37174 (October 5, 1988, Mack, J.); Levy v.Westfield, Inc., supra, Docket No. 205318.)
Therefore, Makita's motion to strike is granted.
Cremins, J.