[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO CITE IN OF DEFENDANT H. MEER DENTAL SUPPLY
The above-captioned case, which was commenced in 2000, has been pending in this court since October 10, 2001. At a case management conference held on that date, the parties selected February 11, 2003, as the trial date.
The plaintiff's complaint originally claimed damages from both of these entities on the basis of product liability arising from an incident in which a dental needle broke off in his mouth during a dental treatment. In December 2002, the plaintiff withdrew his claim against Dentsply. Until that withdrawal, Meer had asserted no claim against Dentsply. On December 30, 2002, Meer filed a motion to cite Dentsply in as a third-party defendant alleging a right to indemnification and contribution. Meer seeks to postpone the trial until the pleadings are closed between it and Dentsply and discovery is completed.
The plaintiff filed an objection on January 22, 2003, noting that having failed to assert any claims against Dentsply while that party was a defendant, Meer should be left to the option of filing a third-party action after the completion of the long-scheduled trial. In Malerba v.Cessna Aircraft Co., 210 Conn. 189, 198-99 (1989), the Supreme Court stated that findings of liability in product liability claims do not bar "a later determination of liability as between an indemnitee and indemnitor." The court ruled that indemnification claims may be raised even if responsibility for an injury from a defective product is determined in the trial of a claim brought by the injured person. While it may have been more efficient to combine the plaintiff's claim and Meer's indemnification claim against Dentsply in a single proceeding, Meer's failure to assert that claim until six weeks before the scheduled trial precludes that efficiency.
The plaintiff has waited well over two years for the opportunity to try CT Page 1674 his case. Since Meer may assert its claims against Dentsply after the determination of the plaintiff's claims, the court finds that it is not just to deprive the plaintiff of the scheduled trial in order to accommodate Meer. Meer observes that it had no idea until December 2002 that the plaintiff would withdraw against Dentsply. Such withdrawals are a well-known feature of cases with multiple defendants, and nothing prevented Meer from asserting its indemnification claim in timely fashion if it sought to be sure that it would be managed and tried at the same time as the plaintiff's claim, a format the Supreme Court permitted inMalerba v. Cessna Aircraft Co., supra, as an alternative to filing such a claim after the adjudication of the plaintiff's claim.
 Conclusion
For the foregoing reasons, Meer's motion to cite in Dentsply and to maintain a third-party action as part of this case is denied.
 Beverly J. Hodgson Judge of the Superior Court
CT Page 1675