[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The issue is whether the defendant's amended crossclaim sufficiently alleges all of the elements required for a claim for indemnification based upon active-passive negligence.
The defendant's amended crossclaim does not sufficiently allege a claim for indemnification based upon active-passive negligence. Therefore, the plaintiff's motion to strike the amended crossclaim should be granted.
On May 9, 1990, the plaintiff, Sandra Yost, was a passenger in an automobile owned by the defendant, Linda Rapini ("Rapini"), and operated by the defendant, Michael Deegan, Jr. ("Deegan"). The automobile collided with a cement jersey barrier near the intersection of Washington Avenue and Wood Street in West Haven [which had been erected by the defendant, Metro North Commuter Railroad ("Metro North")].
On March 20, 1992, the plaintiff filed a three count complaint against the defendants, Rapini, Deegan and Metro North, alleging that as a result of the collision she suffered injuries. On August 3, 1992, the plaintiff filed a second revised complaint. The first count is a negligence claim against Deegan and Rapini. The second count is a recklessness claim as to Deegan and Rapini, and the third count is a negligence claim as to Metro North. CT Page 972
On August 13, 1992, Metro North filed an amended answer, special defense and crossclaim. The crossclaim is a claim for indemnification based upon active-passive negligence directed at Deegan.
On August 18, 1992, Deegan filed a motion to strike Metro North's cross-claim, along with a memorandum of law in support of its motion. Deegan filed the motion to strike on the grounds that the crossclaim (1) fails to establish an independent legal relationship between Deegan and Metro North; and (2) fails to allege that Deegan had exclusive control of the situation. On September 2, 1992, Metro North filed a memorandum of law in opposition to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer, including any crossclaim contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the [pleadings], . . .and "`cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros, Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The court must construe the crossclaim "in the manner mist favorable to sustaining its legal sufficiency." (Citation omitted. Bouchard v. Peoples Bank, 219 Conn. 465, 471 594 A.2d 1
(1991). However, where the facts provable under the allegations would not support a claim, the motion must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
Indemnification involves a claim for reimbursement in full from one who is claimed to be primarily responsible. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). In general, there is no right of indemnification between joint tortfeasors. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). A party is "entitled to indemnification, in the absence of a contract to indemnify, only upon providing that the party against whom indemnification is sought either dishonored a contractual CT Page 973 provision or engaged in some tortious conduct." Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 411, 207 A.2d 732 (1965). Indemnification is permitted in tort actions involving allegations of active-passive negligence. Malerba v. Cessna Aircraft Co.,210 Conn. 189, 198, 534 A.2d 287 (1989).
in order to plead a cause of action for indemnification based upon active-passive negligence, the party seeking indemnification must allege that at the time of the accident: 1) the party against whom indemnification is sought was negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could have reasonably relied on the charged party to act without negligence. Kaplan, supra, 416; Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1988). Further, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, 23 Conn. App. 325, 328,580 A.2d 84 (1990).
Exclusive Control
The defendant, Deegan, argues that he could not have had exclusive control over the situation. Metro North has sufficiently alleged that Deegan was in exclusive control of the situation.
The defendant's crossclaim alleges that "the defendant, Michael F. Deegan, Jr., was in control of the situation to the exclusive control of the situation.
The defendant's crossclaim alleges that "the defendant, Michael F. Deegan, Jr., was in control of the situation to the exclusion of the defendant Metro North. . . ." (Defendant's Crossclaim, para. 5(e)). Deegan argues that he cannot be said to have exclusive control since Metro North acknowledges that it had a presence in the area and was actively engaged in repairing a bridge at the scene of the accident.[1] It is clear that defendant Deegan's argument is addressed at whether or not he actually had exclusive control. A motion to strike, however, only tests the legal sufficiency of a pleading. Mingachos, supra, 108. It is therefore found that since Metro North sufficiently alleges that Deegan was in exclusive control of the situation, the motion to strike on this ground should be denied. CT Page 974
Independent Legal Relationship
The defendant, Deegan, argues that Metro North has failed to allege that there existed an independent legal relationship between itself and Deegan. It is noted that Metro North has failed to allege sufficient facts to establish that an independent legal relationship exists between Metro North and Deegan.
In support of its motion in opposition Metro North first argues that since Atkinson v. Berloni, supra, is a poor decision and has not been confirmed by the supreme court, the court should hold that Atkinson is not controlling, and therefore, Metro North is not required to allege an independent legal relationship. It is noted that as Atkinson is controlling and rejects Metro North;s arguments to the contrary.
Second, Metro North argues that even if it is required to allege an independent legal relationship between the parties, it has properly alleged such. An independent legal relationship can be found where the parties are joint owners of property on which the plaintiff is injured; Ferryman, supra, 145-46; where there is a contractual relationship between the parties; Malerba, supra; and where there is a landlord-tenant relationship. Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135, 475 A.2d 305 (1984). Metro North asserts that an independent legal relationship existed since Deegan owed it a duty pursuant to the State of Connecticut Motor Vehicle Laws.
Atkinson, supra, involved a motor vehicle accident. One defendant filed a crossclaim against another defendant for indemnification. The court held that random and unanticipated contact between parties as in the case of a motor vehicle accident, does not create a special duty between the motorists, other than the general duty of a motorist to use reasonable care. Atkinson, supra, 330. The court therefore found that an independent legal relationship did not exist. Id.
It is clear that Deegan did not assume a special duty toward Metro North other than the general duty of a motorist to use reasonable care and obey the rules of the road. It is therefore found that Metro North has failed to allege an independent legal relationship. Thus Metro North's amended crossclaim fails to allege a claim for indemnification based upon active-passive negligence and the motion to strike is granted. CT Page 975
WILLIAM J. McGRATH, JUDGE