[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF NOVEMBER 25, 1995
As to Count Three and Six — Denied
These counts are based upon a claim for common law indemnity against the defendant on a theory of active-passive negligence. In the case of Ferryman v. Groton, 212 Conn. 138, the court considered a Motion to Strike a claim of common law indemnification based upon a theory of active-passive negligence. The court concluded that where the allegations of the claim were factually sufficient to establish an independent legal relationship going beyond the active-passive relationship as inKaplan v. Merberg, 152 Conn. 415 the claim for indemnification could stand. This court finds that when viewed in the light most favorable to the pleader Xtra has alleged sufficient facts to support the existence of an independent legal relationship between Xtra and the third party defendant. The Motion to Strike the Third and Sixth Counts is denied.
As to Count Four — Granted
In this Count, Xtra seeks indemnification against CSX pursuant to section 52-577a(b) Connecticut General Statutes. This section provides "in any (products liability) action a product seller may implead any third party who is or may be liable for all or part of the claimants claim." This section does not provide a substantive basis for an indemnification claim but rather provides a procedural mechanism for impleading a third party when such a basis already exists. See Babcock v. New HavenSuzuki, Sup. Ct. New Haven #259999 2 Conn. L. Rptr. 607 (Oct. 18, 1990) Accordingly, the Motion to Strike the Fourth Count is granted.
As to Count Five — Denied
In this count Xtra alleges that if it is found liable to the plaintiffs then it is entitled to a contribution from CSX. Contribution involves a claim for reimbursement of a share of a payment necessarily made by a claimant which equitably should have been paid in part by others. Malerba v. Cessna Aircraft Co., CT Page 7210 Conn. 194, 195.
In Malerba, the court noted that the preconditions of section 52-5720(c) apply only to those circumstances where a party elects to pursue an independent cause of action for a contribution rather than impleading the prospectively liable third party as authorized by section 52-102a and 52-5777a(b).
Since these statutes implicitly authorize the initiation of contribution actions by defendants in products cases and the preconditions of section 52-5720(c) apply only to independent contribution actions it would appear that Xtra's third party claim for contribution in this complaint is proper.
The Motion to Strike the Fifth Count is denied.
George W. Ripley, Judge