[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE THIRD PARTY DEFENDANT'S MOTION TO STRIKE
The plaintiff has brought this action against her landlords, Glenn and Christine Giarratana, based on her claims that the leased premises are defective in various respects. Count one alleges breach of contract, count two alleges unjust enrichment, and count four alleges violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et. seq. The third count of the complaint alleges misrepresentation and specifically claims that "notwithstanding the fact that [the landlords] should have known of the defect in the premises that caused periodic flooding of same, landlords represented to tenant that the premises were habitable and never disclosed the defective condition of the premises to tenant." Plaintiff farther alleges that she "reasonably relied upon" these representations. Although the wording of the third count does not specify whether the alleged misrepresentation was intentional or negligent, all parties agree that for purposes of the present motion, the court should treat this count as though it alleges negligent misrepresentation. CT Page 192
The defendants brought a third party complaint against the Meadows Condominium Association Inc. seeking indemnification for any judgment that might be rendered against them. The Revised Third Party Complaint alleges that "if any water leaked from the exterior of the subject premises, it was the negligence of the third party defendant herein, rather than any negligence of which the third party plaintiffs may be found chargeable, that was the direct and immediate cause of any resulting damages sustained by the plaintiff, Catherine Fernandez. . . ."
The third party defendants have now moved to strike the third party complaint for failure to state a claim upon which relief may be granted. In particular, the condominium association claims that because the underlying allegations of the plaintiffs' complaint are not based on negligence, the defendants cannot now recover against the association on a theory of indemnification.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; see, Peter Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). Practice Book § 10-39 "allows for a claim for relief to be stricken only if the relief sought could not be legally awarded."Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id., 308. However, "[the motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of CT Page 193 law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The basis of the third party plaintiffs' claim against the third party defendant is that the condominium association was actively negligent for failing to properly construct or maintain a deck which caused the water leakage in question. They therefore seek common law tort indemnification as set forth in Kaplan v.Merberg Wrecking Corporation, 152 Conn. 405 (1965).
". . . [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought." Id. at 415 (internal quotations omitted).
It is undisputed that counts one, two and four of the original complaint do not allege negligence on the part of the Giarratanas. The only claim of negligence against them is based on their alleged misrepresentation that there were no defects in the demised premises. The Giarratanas' claim against the condominium association, however, does not relate to this sort of negligence but rather to the alleged failure of the association to construct a proper deck that would have prevented the leak. The defendants acknowledge that there is a certain awkwardness to their position: they have denied that they knew or should have known of the underlying defect and yet are claiming that they should be reimbursed by the association for creating the defect if they, the landlords, are found liable to the plaintiffs for failing to have disclosed it.
"[I]ndemnity involves a claim for reimbursement in fall from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in party by others. Malerba v. Cessna AircraftCo., 210 Conn. 189, 194-95, 554 A.2d 287 (1989), quoting Kaplanv. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732
(1965). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), citing Kaplan v. Merberg Wrecking Corporation,
CT Page 194 supra, 152 Conn. 411.
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petrol Plus ofNaugatuck, Inc., supra, 216 Conn. 74, citing Kaplan v. MerbergWrecking Corporation, supra, 152 Conn. 415. "Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'" Burkert v. Petrol Plus of Naugatuck, Inc.,
supra, 216 Conn. 74, citing Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 698, 535 A.2d 357 (1988); Kaplan v. Merberg WreckingCorporation, supra, 152 Conn. 416. In Atkinson v. Berloni,23 Conn. App. 325, 327, 580 A.2d 84 (1990), the Appellate court added a fifth element to active/passive indemnification claims. "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id., 327.
Two Superior Court cases cited by the third party defendant,Colandro v. Allstate Insurance Company, 1995 W.L. 780904 (1995), and Groher v. Zwerling, 1991 W.L. 61200 (1991), do not provide as much guidance as it suggests. Both of those cases involve claims based exclusively on breach of contract, and the courts there correctly held that common law tort indemnification could not be had in such a case. Here, however, the situation is different in that in addition to the contractual claims contained in the other counts, the plaintiff is also alleging one count of negligent misrepresentation, a tort.
In that count, the plaintiff claims that the Giarratanas are liable to them not because of any responsibility on their part for creating the defect which caused the leak which resulted in damages, but rather that they allegedly knew or should have known of the condition and that they had a duty to disclose that knowledge to the plaintiff, a duty which they allegedly breached.
Thus, the sole tort claim against the defendants is misrepresentation. The third party defendant is surely not "one CT Page 195 on whom a primary liability" for such misrepresentation is claimed to rest, Malerba, supra, at 194-95, because the third party defendants have nothing to do with the defendants' alleged failure to disclose a condition of which they were aware and had a duty to disclose. The awkwardness acknowledged by the defendants in pursuing their third party complaint reflects the reality that if their liability to the plaintiff is grounded in their misrepresentation, they have no one to blame for that but themselves. Yet, if the plaintiffs are correct in alleging that there was a defect of which the defendants were aware, and that this defect caused the leak that led to their damages, it would also be true that the injury to them in fact resulted from "the `active or primary negligence' of the party against whom reimbursement is sought", the third party defendant. Burkert v.Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74.
It is therefore apparent that the defendants have set forth a claim that "(1) that the third party defendant was negligent; (2) that its negligence, rather than theirs, was the direct, immediate cause of the accident and injuries; (3) that it was in control of the situation to the exclusion of the third party plaintiffs; and (4) that they did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the third party defendant not to be negligent," Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988), and that there existed an "independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty."Atkinson v. Berloni, supra, at 327. The third party complaint thus states a claim upon which relief may be granted as a matter of law, and the third party defendant's motion to strike it is therefore denied.
Jonathan E. Silbert, Judge