I. INTRODUCTION
The Plaintiff Debra Rotonto has brought this action under the Connecticut Product Liability Act, General Statutes § 52-572m
et seq. ("CPLA"), against the Defendants Access Industries, Inc., ("Access") and 41 Douglas Avenue Corporation d/b/a The Whitaker Company of Connecticut ("Whitaker"). The Plaintiff alleges that a platform lift manufactured, designed and distributed by Access, sold to Plaintiff and installed by Whitaker, malfuctioned and caused bodily injury to the Plaintiff.
Whitaker has filed a Cross-Complaint against Access, the Second Revised Cross-Complaint, dated June 29, 1999 (the "Cross-Complaint"). The Cross-Complaint is in four counts. The First Count seeks contribution; the Second Count seeks indemnity; CT Page 1023-A the Third Count purports to allege a product claim under the CPLA; and the Fourth Count alleges a breach of the implied warranty of merchantability under General Statutes § 42a-2-314. Access has filed a motion to strike all four counts. Each party has filed the requisite memorandum. Practice Book § 10-42.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief therein. Practice Book § 10-39. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom. Amodiov. Cunningham. 182 Conn. 80.83 (1980). "[I]f facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail." (Internal quotation marks omitted.) Ferryman v. Groton, 212 Conn, 138, 142 (1989). Only the grounds specified in the motion may be considered.Meredith v. Police Commission, 182 Conn. 138, 140 (1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86 (1982).
 II. FIRST AND SECOND COUNTS
The First Count seeking contribution and the Second Count seeking indemnity are interrelated. Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed, while contribution involves a claim for reimbursement of CT Page 1023-B a share of a payment necessarily made by the claimant which equitably should have been paid in part by others. Kaplan v.Merberg Wrecking Corp., 152 Conn. 405, 412 (1965).
In both instances, Access relies on Kyrtatas v. Stop Shop,Inc., 205 Conn. 694 (1988), involving a cross-complaint for common law indemnity brought by one party defendant against another party defendant in the context of a statutory product liability action. Kyrtatas held that the CPLA abrogated common law indemnification principles in this area; id., 702; as this common law doctrine "is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes §52-572o"; id., 699.[1]
 Kyrtatas was followed by Malerba v. Cessna Aircraft Co.,210 Conn. 189 (1989], in which in an action under the CPLA, the party defendant filed a third-party complaint against nonparties to the action seeking indemnification and contribution. The trial court's granting of motions to strike the entire third-party complaint was reversed.
On the issue of contribution the Malerba court reconciled General Statutes § 52-102a, allowing impleading of third parties in civil actions, § 52-577a(b), providing for impleading in an action under the Act, and § 52-572o(e) of the Act authorizing an independent action for contribution after, CT Page 1023-C as a precondition, some disposition of the original action.Malerba gave a defendant the alternatives of pursuing the contribution claim in the same action, or bringing an independent action under § 52-572o(e) after disposition of the original action. Malerba v. Cessna Aircraft Co., supra, 210 Conn. 194. As its rationale, the court stated that "[t]his construction of § 52-572o(e) furthers the salutary purpose of encouraging parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of actions." Id.
On the issue of indemnification, the Malerba court concluded that the CPLA did not abrogate actions for common law indemnification, and that the claim could be asserted within the context of the original lawsuit. Malerba v. Cessna Aircraft Co.,supra, 210 Conn. 198. "We conclude that common law indemnification continues as a viable cause of action in the context of product liability claims and that the comparative responsibility principles [under § 52-572o(c)] that serve as its foundation do not bar a later determination of liability as between an indemnitee and an indemnitor." Id., 198-99. Malerba
distinguished Kyrtatas as being "specifically limited to its factual circumstances which are different from the procedural posture in which we find this case." Id., 198 n. 9.
Procedurally, Kyrtatas dealt with a situation where the cross-complaint involved parties who were already parties CT Page 1023-D defendant to the underlying lawsuit, while Malerba concerned the impleading of a third party into that action by an existing party defendant. However, by its language, both explicit and implicit, Malerba purports to sanction cross-complaints for indemnity and contribution by one existing defendant against another existing defendant. Accordingly Kyrtatas andMalerba appear to be inconsistent.
There is a split in the Superior Court on whether the Malerba
rule, sanctioning proceedings for indemnity and contribution among parties defendant in the existing products liability lawsuit, applies, or whether the contrary Kyrtatas rule still applies.
Cases following the Malerba rule include the following:Allstate Ins. Co. v. Chic Miller Chevrolet-Isuzu, Inc., et al.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 384894 (August 6, 1991) (Aurigemma, J.) (4 CONN. L. RPTR. 500); ITT Semiconductors v. Matheson Gas Productset al., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 295 53 (April 8, 1992) (Flynn, J.) (6 CONN. L. RPTR. 276); Brenner v. Laboratoire Biosthet, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 511978 (May 7, 1993) (Aurigemma, J.) (8 C.S.C.R. 603); Olmsteadv. Edwards Superstores, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 58382 (July 7, 1998] (Corradino, J.) (22 CONN. L. RPTR. No. 10, 343); Van Epps v.
CT Page 1023-EWaterbury Donuts, Inc., Superior Court, judicial district of Waterbury, Docket No. 144459 (May 4, 1999) (Doherty, J.]. The Court concurs with the reasoning of these cases following theMalerba rule.
Cases following the Kyrtatas rule include the following: UnitedStates Fidelity et al. v. McDonnell Leasing Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112492 (June 1, 1992) (Rush, J.) (6 CONN. L. RPTR. 495);Mirabella et al. v. Yale New Haven Hospital et al., Superior Court, judicial district of New Haven at New Haven, Docket No. 326943 (July 5, 1994) (Fracasse, J.) (12 CONN. L. RPTR. 65). These cases factually distinguish Kyrtatas from Malerba.
As indicated, this Court concurs with those cases following theMalerba rule. Accordingly, the motion to strike the First and Second Counts is denied.
 III. THIRD COUNT
The Third Count purports to allege a product liability claim under the CPLA. Section 52-572m(b] of the CPLA defines a product liability claim in pertinent part as including "all claims or actions brought for personal injury, death or property damage caused by the manufacturer . . . of any product." In its motion Access contends that the Third Count does not sufficiently allege a product liability claim as there is no allegation that CT Page 1023-F Whitaker, as distinguished from the underlying Plaintiff Debra Rotonto, incurred any "personal injury, death or property damage."
The Court concurs. Whitaker has incurred no personal injury or property damage independent of that claimed by Debra Rotonto. The essence of Whitaker's cross-complaint is its claims for indemnity and contribution involving two product sellers. Whitaker has not alleged "harm" sufficient to constitute a product liability claim.
CPLA § 52-572m(d) defines "harm" as including damage to property. The phrase "damage to property" in this definition encompasses economic loss. Verdon v. Transameria Ins. Co.,187 Conn. 363, 371-73 (1982). An economic loss includes a commercial loss. Both Whitaker and Access, being product sellers, are commercial parties.
In 1984, § 52-572m(d) was amended to state specifically that "[a]s between commercial parties, "harm' does not include commercial loss. In addition, CPLA § 52-572n(c) provides as follows:
 (c) As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused CT Page 1023-G by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.
The term "commercial loss" is not defined in the CPLA. However, a rational definition is that a commercial loss encompasses intangible losses as opposed to property damage and personal injury.
It is therefore clear that a "commercial loss" within the meaning of the Products Liability Act has reference to loss of profits or consequential economic losses as opposed to profits or consequential economic losses as opposed to property damage and personal injury.
American Manufacturers Mutual Ins. Co. et al. v. HarringtonHoists, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 262369 (June 13, 1989) (4 C.S.C.R. 564).[2]
The motion to strike the Third count is granted.
 IV. FOURTH COUNT
The Fourth Count alleges a claim under General Statutes §42a-2-314 of the Uniform Commercial Code — Sales for breach of the implied warranty of merchantability. Conceding that this CT Page 1023-H count alleges a claim of commercial loss, Access contends that this count should be stricken as a claim for commercial loss is not a proper product liability claim.
Access is correct that a claim for commercial loss is not a proper claim under the CPLA between commercial parties.[3]
However, it is a proper claim under title 42a of the Uniform Commercial Code. Section 52-572n(c) of the CPLA clearly states than "[a]n action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code."
The motion to strike the Fourth Count is denied.
 V. SUMMARY
The motion to strike is denied as to the First, Second and Fourth Counts, and is granted as to the Third Count.