[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION BY CIOLA SERVICES, INC. TO STRIKE CROSS CLAIM
The defendant, Ciola Services, Inc. ("Ciola"), has moved to strike the Cross Claim which Bandit Industries, Inc. ("Bandit") and Performance First, Inc. ("Performance") filed against it on March 21, 2000.
Procedural History
This claim arises from an incident that occurred in March of 1997. At that time, the plaintiff, James Gazza, alleges that he was a self-employed landscape contractor hired by the defendant, J.H. Tree 
Timber Corporation, to assist with its tree-pruning and woodchipper operations at its customer's Bloomfield, Connecticut property. Gazza was in the process of feeding branches into a Bandit Industries Model 1400 Woodchipper, owned and maintained by J.H. Tree Timber Corp., when it is alleged the branches became entangled about his right leg and body, and pulled him into the woodchipper. Gazza suffered a traumatic amputation of the right leg.
The plaintiffs initiated this action against Bandit Industries, Inc. (the alleged manufacturer of the woodchipper); Performance First, Inc. (also an alleged manufacturer of the woodchipper); Ciola Services, Inc. (an alleged seller of the woodchipper); J.H. Tree Timber Corp. (the owner of the woodchipper at the time of this incident); and James H. Horahan (the principal of J.H. Tree Timber Corp.)
Initially, the Third Count of the plaintiff's Complaint dated March 8, 1999, against Ciola was brought pursuant to Connecticut General Statutes §§ 52-572m, et seq., alleging that Ciola was liable as a "product seller." On November 5, 1999, Ciola filed a Motion for Summary Judgment based on the fact that it was not a "product seller" as that term is defined in Connecticut General Statutes § 52-572. The plaintiffs did not object to the Motion for Summary Judgment. Instead, on November 12, 1999, the plaintiffs filed a second Amended Complaint. The plaintiff's second Amended Complaint dated November 12, 1999, abandoned any "product liability claim" against Ciola. The Fifth Count of the Amended Complaint asserted a new cause of action against Ciola solely predicated on grounds of negligence. The Amended Complaint of November 12, 1999, also added Hawkensen Equipment Co., Inc. as a product liability defendant and Luc Tardif d/b/a Madore-Tardif Logging as a negligence defendant.
The claims against Bandit, Performance, and Hawkensen Equipment Co., CT Page 1314 Inc. are all brought under the product liability statute. The claims against Ciola and Luc Tardif are based on common law negligence.
On March 21, 2000, the codefendants, Bandit and Performance, filed a Cross Claim against Ciola in three counts. The First Count purports to be brought pursuant to Connecticut General Statutes § 52-577a; the Second Count seeks contribution, and the Third Count seeks indemnification based upon a theory of active/passive negligence.
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
First Count — Connecticut General Statutes § 52-577a(b)
In the First Count of the Cross Claim Bandit and Performance purport to state a cause of action under Connecticut General Statutes § 52-577a(b) which provides:
 (b) In any [product liability action] a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the-date the cause of action brought under subsection (a) of this section is returned to court.
Ciola has argued that the First Count is improper because Bandit and Performance did not implead Ciola. There was no need to do so. Ciola had already been sued directly by the plaintiffs. Bandit and Performance have CT Page 1315 argued that the First Count is properly filed because the court previously granted defendant Hawkensen's Motion to Cite in Ciola. This argument is based upon the incorrect assumption that the granting of a motion to cite in a party is the equivalent of the denial of a motion to strike by the party cited in. In allowing Hawkensen to cite in Ciola, this court did not decide whether Hawkensen's claims against Ciola stated a cause of action.[1] Ciola remains free to move to strike Hawkensen's Third Party Complaint.
Section 52-577a(b) appears to allow a defendant in a product liability action to cite in any party who may be liable to the plaintiff regardless of whether the defendant has any independent right of recovery against the party. This is consistent with another provision of the product liability statute, § 52-572o, which provides in pertinent part:
 (b) In any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, indicating (1) the amount of damages each claimant would receive if comparative responsibility were disregarded, and (2) the percentage of responsibility allocated to each party, including the claimant, as compared with the combined responsibility of all parties to the action. For this purpose, the court may decide that it is appropriate to treat two or more persons as a single party.
 (c) In determining the percentage of responsibility, the trier of fact shall consider, on a comparative basis, both the nature and quality of the conduct of the party.
 (d) The court shall determine the award for each claimant according to these findings and shall enter judgment against parties liable on the basis of the common law joint and several liability of joint tortfeasors. The judgment shall also specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party.
The purpose of § 52-577a(b) is to encourage "parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of actions." Malerbav. Cessna Aircraft Co., 210 Conn. 189, 195, 554 A.2d 287 (1989). In this CT Page 1316 case the plaintiffs' act of suing Ciola avoided the necessity for multiple actions and obviated the need for Bandit and Performance to implead Ciola. As Ciola has already been sued by the plaintiffs, any verdict will include a determination of Ciola's percentage of responsibility. Obtaining such determination is apparently all that the First Count of the Cross Claim seeks to accomplish. Bandit and Performance have devoted inordinate time complaining about procedural irregularities, but have not stated why they need to assert in a cross claim that which has already been accomplished by the Complaint. Therefore, it appears that the First Count is unnecessary and will only lead to confusion at trial. The First Count is ordered stricken.
Second Count — Contribution
Ciola argues that the Second Count is legally insufficient because there is no right of contribution between a product liability defendant and a negligent defendant. In Malerba v. Cessna Aircraft Co.,210 Conn. 189, 554 A.2d 287 (1989), the Supreme Court rejected the argument made by Ciola. In Malerba the third party plaintiff, a manufacturer/seller of an airplane, a "product seller" under § 52-572m, was allowed to implead the airplane's owner for contribution. Therefore, contrary to Ciola's argument, the language permitting a product liability defendant to implead "any third party who is or may be liable for all or part of the claimant's claim," does not limit third party defendants to "product sellers" within the meaning of § 52-572m.
At oral argument of this Motion Ciola argued that Public Act 99-69, Section 1(o), passed after Malerba, had the effect of overrulingMalerba's holding concerning contribution and indemnification in products liability actions. Ciola argued that in light of P.A. 99-69, defendants in a product liability case cannot seek contribution from anyone except a "product seller."
Public Act 99-69 amended § 52-572h by adding subsection (o), which provides: "Except as provided in subsection (b) of this section, there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556." The "principle purpose [of P.A. 99-69] was to overrule legislatively a portion of this court's decision in Bhinder v. Sun Co., 246 Conn. 223, 717 A.2d 202
CT Page 1317 (1998). See, e.g., 42 5. Proc., Pt. 6, 1999 Sess., pp. 1797-98, remarks of Senator Donald E. Williams, Jr.; 42 H.R. Proc., Pt. 6, 1999 Sess., p. 1916, remarks of Representative Michael P. Lawlor; id., pp. 1918-19; see also generally Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 1999 Sess., pp. 1271-74, 1310-29, 1340-46, 1355-58, 1362, 1365, 1418-20, 1426-31; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 5, 1999 Sess., pp. 1538-50." Allard v. Liberty Oil Equipment Co.,253 Conn. 787, 801, 802, ___ A.2d ___ (2000).
Public Act 99-69 amended only § 52-572h, which pertains to apportionment in negligence actions. "The general effect of P.A. 99-69, § 1(o), was to make clear that the apportionment principles of §52-572h do not apply where the purported apportionment complaint rests `on any basis other than negligence,' and that these other bases include, without limitation, `intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute.'" Allard, supra, at 802.
Section 52-572h is not involved in the Cross Claim in this case. Bandit and Performance were sued under §§ 52-572m, et seq, the product liability statutes, which were not affected at all by P.A. 99-69. Therefore, under Malerba Bandit and Performance are permitted to implead
anyone "who is or may be liable for . . . part of the claimant's claim," § 52-572a(b), without waiting for the plaintiff's judgment to enter against them. However, in this case Bandit and Performance had no need to implead Ciola. Ciola was sued directly by the plaintiffs. If the jury finds in favor of the plaintiffs it will also set forth the respective fault of all defendants, including Ciola, Bandit and Performance, under either § 52-572h or § 52-572o(c), thereby accomplishing that which the Cross Claim seeks to accomplish. Thus, the Second Count of the Cross Claim appears unnecessary to protect the rights of Bandit and Performance to seek contribution from Ciola and will only create confusion at the trial. For the foregoing reasons the Motion to Strike the Second Count is granted.
Third Count — Indemnification
 In Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694,694 A.2d 788 (1997), the Court held:
 Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to CT Page 1318 anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.'. . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 697-98, 535 A.2d 357
(1988); Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990); Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412-16, 207 A.2d 732 (1965).
240 Conn. at 697.
In the Third Count Bandit and Performance First have pleaded the necessary elements of a common law claim for indemnification under the theory of active/passive negligence. However, Ciola argues that as a matter of law it was not actively negligent because it sold the woodchipper more than two years before the date of the plaintiff's injury, and that at the time of the injury the owners of the woodchipper were J.H. Tree Timber Corp., and/or James Horahan.
Generally the question of exclusive control is a question of fact.Skuzinski, supra, at 704; Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573, 452 A.2d 117 (1982). However, "special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation." Skuzinski, supra, at 705. In Skuzinski, the Court stated, "it is plausible to define exclusive control over "the situation' as exclusive control over the dangerous condition that gives rise to the accident," Id. at 706, and held that as a matter of law one who had exclusive control of a sidewalk did not have "exclusive control" of the accident caused by an unrelated third party which occurred on the road adjacent to the third party defendant's sidewalk.
The present case does not present facts identical to those inSkuzinski. While it appears extremely unlikely that Ciola will ever be determined to be in exclusive control of the situation to the exclusion of Bandit and Performance, when the facts are taken in a manner most favorable to Bandit and Performance they do state a cause of action for common law indemnification. For the foregoing reasons, the Motion to Strike the Third Count of the Cross Claim is denied. CT Page 1319
By the court
Aurigemma, J.